## ELLIOTT v. CHAPMAN et al.

THE undertaking on appeal to the Supreme Court must, in all cases, be filed within
five days after filing notice of appeal, and the Court has no power to extend
the time.    .

Construing secs. 348 and 337 of the Practice Act together, they provide that an
appeal is not effectual for any purpose, unless an undertaking be filed, or a
deposit made with the Clerk within five days after filing the notice, and failure
to so file the undertaking or make the deposit will be fatal to the appeal, and
it must be dismissed.

APPEAL from the Fifteenth District.

Motion to dismiss the appeal.   An undertaking was filed February
25th.

*Robinson, Beatty & Heacock,* for the motion, cited *Hastings* v. *Halleck* (10 Cal. 31).

*Burt & Rhodes, contra,* cited *Woods* v. *Forbes* (5 Cal. 62).

COPE, J. delivered the opinion of the Court—FIELD, C. J. and
BALDWIN, J. concurring.

In this case, the defendants move to dismiss the appeal, on the
ground that no undertaking was filed within five days after the filing of
the notice.   The notice was filed on the third of February, 1859, and
on the seventh the Court made the following order: " On motion of
attorney for plaintiffs, it is ordered by the Court that plaintiffs have the
full period of twenty-five days, in which to file their undertaking on
appeal, and that proceedings herein be stayed until that time." It is
contended that the effect of this order was to enlarge the time between
the filing of the notice and the undertaking.   If we did not consider
ourselves bound by the provisions of the statute, we should be inclined
to adopt this construction, as substantial justice would undoubtedly be
promoted by it.   But we think the undertaking must, in all cases, be
filed within five days after the notice, and that the Court has no power
to extend the time.   The power to enlarge the time within which an
act is required to be done, is expressly given in certain cases; but this
is not one of the cases in which the power is given, and upon the prin-
ciple that *expressio unius est exclusio alterius,* the omission must be
deemed to have been intentional, and the same effect must be given to

it as though the existence of the power were negatived in express terms. The true construction of sec. 348 of the Practice Act is, that an appeal shall not be effectual for any purpose, unless an undertaking be filed, or a deposit made with the Clerk within five days after the filing of the notice; and if this be the construction, it is clear that the failure to file the undertaking, or make the deposit, is fatal to the appeal. The consequence attached to the failure is, that the appeal shall not be effectual, and this consequence can only be enforced by giving full effect to the provision as to time. If we hold that this provision is merely directory to the parties, nothing is required to give jurisdiction to this Court but the filing and service of the notice. We do not see upon what principle such a construction could be maintained. It is true, sec. 337 provides that the appeal shall be taken by filing a notice with the Clerk and serving a copy upon the adverse party, or his attorney, but this section must be construed in connection with sec. 348, by the provisions of which an undertaking or deposit is absolutely necessary to give effect to the appeal. The notice is the first step in the proceeding, which ripens into a perfect appeal upon a compliance with the terms of the latter section.

It follows that the motion must be granted and the appeal dismissed. Ordered accordingly.