## STARKWEATHER v. BELL.

1. Under Comp. Laws, 5966, on an appeal from a judgment of a county court in probate the notice of appeal and bond are required to be filed with the county judge.

2. The endorsement of a filing mark by a judge or clerk of court is not an essential part of the filing of papers, and, where papers for an appeal were in fact properly filed, the court, on a motion to dismiss, may permit such indorsement to be supplied, or an incorrect indorsement to be amended, in accordance with the facts.

3. There being, under the statute, but one court to which an appeal from the county court in a probate proceeding can be taken, the failure of a notice of appeal from a judgment in such a proceeding to state the court to which the appeal is taken is immaterial.

4. A motion in the circuit court to dismiss an appeal from a judgment of a county court on account of an alleged defect in the appeal bond, where such bond is sufficient to confer jurisdiction, is addressed to the discretion of the court, and its refusal to dismiss will only be reversed where an abuse of discretion appears; but it is the better practice, where the bond, though legally sufficient, is defective in form, to require a new undertaking to be filed.

5. On the trial of the contested proceeding for the probate of a will, the question of issue being whether a different will, shown to have been made by the testatrix, was executed before or after the one in controversy, the testimony of the proponent, who was the husband of the testatrix, and sole benificiary under the will offered, to the effect that prior to the execution of such will he brought the other will from the depository, at the request of the testatrix, who expressed her desire to change it, and that he saw such will in her possession on the day the one in suit was executed, related to a transaction between the witness and the deceased and was inadmissible, under Comp. Laws, § 5260.

6. Where the evidence is conflicting, the admission over objection of incompetent testimony, which is material, and, if believed, is conclusive of

the issue, is prejudicial error, although the cause is tried to the court without a jury.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Proceeding by W. J. Bell for the probate of a will; Courtney Starkweather, contestant. From a judgment of the circuit court on appeal admitting the will to probate, contestant appeals. Reversed.

*Murray & Porter*, for appellant.

*D. D. Holdridge & Son*, for respondent.

CORSON, P. J. This was a proceeding commenced in the county court of Lake county to probate the will of one Jennie M. Bell, who died in that county on January 23, 1896. The petition was presented to the county judge by W. J. Bell, husband of the deceased, and sole devisee and executor in the will. The petition was in the usual form, praying that letters testamentary be issued to the petitioner, and appraisers appointed according to the rules and practice of the county court. At the time set for the hearing of the petition, Courtney Starkweather, a half-brother of the deceased, appeared and filed a contest, alleging, among other things, that the will presented by the petitioner for probate was not the last will and testament of said Jennie M. Bell, deceased; that at a time subsequent to Sepetmber 6, 1892, the date of the will presented by the petitioner for probate, the said deceased, Jennie M. Bell, executed a last will and testament, in due form, different in terms and provisions from the said pretended will aforesaid offered for probate, and that it expressly revoked all former wills by her

made and executed. There were other grounds stated in the protest, but, as they were not pressed on the trial of the case, it will not be necessary to notice them. To this protest the petitioner, W. J. Bell, made answer, denying the material allegations therein contained. Upon the issues so formed a trial was had in the county court, resulting in findings and judgment in favor of the contestant and against the defendant, rejecting the will offered for probate by the said Bell, and giving plaintiff judgment for his costs. From this judgment the said defendant, Bell, took an appeal, or attempted to take an appeal, on the 10th day of June, A. D. 1896, and on that day served upon attorneys for contestant a notice of appeal, which notice was on said day filed with J. M. Preston, clerk of the circuit court and ex officio clerk of the county court, who thereupon placed the following filing thereon: "Filed in my office this 10th day of June, A. D. 1896. J. M. Preston, Clerk of Circuit Court, Lake County, S. D." On the same day the appellant filed with said clerk an undertaking on appeal, which was indorsed in the same manner as the notice of appeal. When the said cause came on for trial in the circuit court in September, 1896, the contestant appeared specially, and for the purpose of objecting to the jurisdiction of the court only, and asked that said appeal be dismissed for the following reasons, viz.: "(1) That the court has no jurisdiction thereof, in that no notice of appeal or bond was ever filed with the judge of the county court of Lake county as required by Section 5966 of the Compiled Laws, or at all; (2) that the notice of appeal herein is fatally defective, in that it does not designate the court to which the appeal is taken; (3) that the appeal bond given herein is fatally defective, in that it is not in terms and con-

ditions required by law, and no proper appeal bond was ever given herein." It was alleged: That at the time said motion was made the filings placed on said notice and bond by the said Preston were the only filings thereon, and there was nothing on either of the papers to indicate that they, or either of them, had been filed in said county court. That thereupon, and while said motion was being argued, the county judge of said county was permitted by the court, "without any proof," to place the following filing upon the said notice of appeal, to wit: "Filed in my office this 10th day of June, 1896. J. H. Williamson, County Judge, Lake County, S. D." And the clerk of the said court erased the word "Circuit," and inserted in lieu thereof the word "County," where the same appeared in the filing made by him thereon, and likewise upon said bond, at said time said court permitted the county judge to indorse the following filing, viz: "Filed in my office this 10th day of June, 1896. J. H. Williamson, County Judge, Lake County, S. D." And said clerk erased the word "Circuit," and inserted "County," in the same manner as on the notice of appeal. And thereupon the motion to dismiss was denied, and the case continued over the said term. Subsequently a second motion to dismiss the appeal was made, based upon the affidavit of Oscar O. Murray. Said motion was made upon the following grounds: (1) No notice of appeal or bond herein were ever filed with the judge of the county court of Lake county, as required by Section 5966, Comp. Laws; (2) that the notice of appeal herein is fatally defective in form, in that it does not designate the court to which the appeal is taken, nor the judgment or order appealed from; (3) that the appeal bond is fatally defective in form, and is not in terms and conditions as required

by law.. The affidavit of Oscar O. Murray, upon which the motion was based, sets out the proceedings on the trial in the court below, and the filing of the papers by the clerk, as hereinbefore stated, and alleging that the original motion to dismiss the appeal was made before the county judge had indorsed thereon the filing hereinbefore referred to, and before the clerk of the circuit court had erased the word ' Circuit" and inserted the word "County," as hereinbefore stated. On the hearing a counter affidavit was filed by D. D. Holdridge, stating, in effect, that the said notice of appeal and undertaking were filed in the office of the clerk of the county court on the 10th day of June, 1896, and that said clerk, through mistake and inadvertance, placed the wrong filing upon the said appeal papers, to wit, the filing of the circuit court instead of the county court, and that when said case was called for trial, on or about September 15, 1896, the plaintiff made a motion to dismiss the appeal, and that upon said motion the statement of the judge of the said county court and the clerk of the court was made in open court, that said notice of appeal and undertaking were duly filed in the office of the county judge and clerk of the county court, and the omission of the filing by the judge of the county court was by mistake and inadvertence. The second motion to dismiss was thereupon overruled, and plaintiff duly excepted.

Section 5965 of the Compiled Laws provides: "An appeal by a party or a person who was present at a hearing, must be taken within ten days, and an appeal by a person interested and not present at the hearing, within thirty days, from the date of the judgment, decree, or order appealed from." Section 5966 provides: "The appeal must be made: (1) By filing a written

notice thereof with the judge of the probate court, stating the judgment, decree or order appea'ed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and (2) by executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pending of the proceedings in the probate court." It will be observed by the reading of Section 5966 that the appeal must be taken by filing a notice thereof with the judge of the probate court. This provision in reference to appeals from judgments of the probate court was made at a time when no clerk had been provided for that court. Although, under the present system of county courts, the clerk of the circuit court is ex officio clerk of the county court, no change has been made in the law relating to appeals from the county court in probate matters to the circuit court; and the party appealing is now required to file the notice of appeal and undertaking with the county judge, who has succeeded to the duties of the former probate judge. In this case it clearly appears from the statement of the county judge and the clerk of the circuit court that the notice of appeal and undertaking were in fact filed with the county judge, but that, through inadvertence, the county judge omitted to indorse the filing thereon, and the clerk of the circuit court and ex officio clerk of the county court, also by inadvertence, indorsed the papers as filed in the circuit court instead of the county court. If the notice of appeal and

undertaking were in fact filed with the county judge, and placed on the files of the county court by the ex officio clerk of that court, the law was complied with, notwithstanding the indorsements of such filing were not made upon the papers. In 7 Am. & Eng. Enc. Law, 960, the term "filing" is thus defined: "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." And this follows substantially the definition of "filing" as given in Rawle's revision of Bouviers Law Dictionary. Stone v. Crow, 2 S. D. 525, 51 N. W. 335. The indorsement, therefore, of the fact of filing, does not constitute a part of the filing, but is only the evidence that such filing has been made; and, while it is usual and proper for the officer with whom a paper is filed to indorse upon the same the fact and time of such filing, such indorsement is not absolutely essential to the validity of the filing, if the paper has been in fact delivered to the proper officer, at the proper place, for the purpose of being filed We perceive no error, therefore, in the proceedings of the circuit court in allowing the judge to indorse his filing upon the notice of appeal and undertaking, nor in allowing the clerk of that court to correct his filing indorsed upon said papers to correspond with the fact.

The ground of the motion that the notice of appeal was insufficient was clearly without merit. The notice of appeal is very full and specific, stating that the appeal is taken from the judgment rendered by the said court on the 6th day of June, 1896, and giving substantially the entire contents of the judgment, and concluding with the statement that said appeal is on questions of both law and fact, and stating the question of law and the question of fact the appellant desired to have reviewed.

The objection that it does not state the court to which the appeal is taken is without merit, for the reason that there is but one court to which the appeal could be taken, namely, the circuit court.

The defect in the undertaking presents a more serious question. The undertaking follows the statute, substantially, but does not contain the usual concluding condition. Although the undertaking is somewhat irregular in form, the intention of the principal and sureties to be bound by the conditions is clear, and the parties could properly be held in case of default on the part of the principal. A notice of appeal and undertaking having been filed within the proper time, the circuit court had jurisdiction of the cause, and whether or not it would dismiss the appeal for the reason the undertaking was defective was within the discretion of the circuit court; and, in refusing to dismiss the appeal upon that ground, we discover no abuse of the discretion of that court. We would suggest, however, that it would have been the better practice on the part of the circuit court, when the defects of the undertaking were called to its attention, to have required the appellant to have filed a new undertaking.

This brings us to the merits of the case. On the trial it appeared that two wills had been executed by Jennie M. Bell either in 1892 or in 1892 and 1893, while she was a resident of De Smet, in Kingsbury county. Both wills were drawn and witnessed by A. P. Schenian. The one offered for probate was witnessed by R. S. Gleason, and the other was witnessed by Dr. Earl Rice. It was claimed by the contestant that the will witnessed by Schenian and Rice was executed in the spring of 1893, and subsequent to the will of September 6, 1892, offered

for probate. Bell, the petitioner, contended that the will witnessed by Rice and Schenian was executed some months prior to the one offered for probate. On the trial in the county court both Schenian and Rice testified that the will witnessed by them was executed in the spring of 1893. On the trial in the circuit court Schenian was quite positive in his testimony that the will witnessed by himself and Rice was executed in the spring of 1893; but Dr. Rice was inclined, upon reflection, to change his evidence as given in the county court, and stated that the will was executed, according to his recollection, in the spring of 1892. The will of September 6, 1892, gave all the property, real and personal, of the testatrix, Jennie M. Bell, to her husband, W. J. Bell. The other will, witnessed by Schenian and Rice, gave one-half of her property to her husband, W. J. Bell, and one-half to two children of the contestant, Courtney Starkweather. On the trial in the circuit court, W. J. Bell, the husband of Jennie M. Bell, deceased, and the sole devisee and executor in the will presented for probate, was placed upon the stand as a witness. He was interrogated as to the other will executed by Jennie M. Bell, and his evidence was objected to on the ground that he was a party to the action, and the beneficiary under the will presented for probate, and that it was not competent for him to testify as to any transaction between himself and the deceased in regard to that will, and that his evidence should be excluded under the provisions of Section 5260, Comp. Laws. We are of the opinion that the evidence should have been excluded for the reason stated, namely, that he was a party to the action. He stated, in substance, as follows. In speaking of the will witnessed by Schenian and Rice he says: "She brought the will home the day it was made, and it lay in

the house something like a week or ten days.    Then I took the will and put it in the First National Bank of De Smet, and it lay there all the summer of 1892, until the time the last will was made, in September.    I took the will home at her request, as she said, for the purpose of changing it.    My recollection is that it was the day before this will was made.    That would have been the 5th.    Might have possibly been the day before that.    I took the will out of the bank, took it home, and gave it to her.    I saw the will the morning of the 6th of September, the day this will was made.    I saw the will that I said was made in the spring of 1892 on the morning of the 6th of September, 1892.    It was in her hand the last time I saw it.    She was in my house, in DeSmet, South Dakota.    She took it down-town with her.    I have never seen it since."    This testimony was as to transactions between the witness and the deceas-ed, in her lifetime.    It will be noticed that the testimony is very important, and, if true, is conclusive that the will witness-ed by Schenian and Rice was executed in the spring of 1892, and prior to the will of September 6, 1892, instead of the spring of 1893, as claimed by contestant.    These transactions be-tween the witness and the deceased are such as could not be contradicted by any person except the deceased, and come clearly within the testimony excluded by the section referred to, in fact the evidence not only included the transactions referred to between the witness and deceased in regard to this will, but statements of the deceased relating to it.    Hutchinson v. Cleary 3 N. D. 270, 55 N. W. 729; In re Valentine's Will, 93 Wis. 45, 67 N. W. 12; Nay v. Curley, 113 N. Y. 575, 21 N. E. 698.    With this evidence excluded, the decision of the trial court might nave been entirely different, and hence the admission of this,

evidence constitutes reversible error. The judgment of the trial court is reversed.

HANEY, J. I concur in the conclusion that the judgment of the circuit court should be reversed, but am unable to concur in the reasons given by the majority of the court. As the cause was tried by the court, acting without a jury, it should be presumed to have acted only on the legal evidence adduced (2 Enc. Pl. & Prac. 474), and this court should disregard the incomptent testimony of the defendant mentioned in the majority opinion. With such testimony excluded, I think there is a clear preponderance of evidence in favor of the plaintiff, and for this reason the judgment should be reversed.