## KIRBY v. CITIZENS' TELEPHONE CO. et al.

Error in refusing to strike out incompetent evidence in an equitable action tried to the court is not ground for reversal, unless such incompetent evidence is conclusive of the rights of the parties, where there is sufficient competent evidence upon which the findings may stand, as it will be presumed that the court disregarded the incompetent evidence.

(Opinion filed, Nov. 1, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Joe Kirby against the Citizens Telephone Company and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant. *Porter & King* and *Aikens & Judge,* for respondents.

CORSON, J. This is an action in equity by the plaintiff to restrain the defendant from placing and maintaining telephone poles in front of his residence, in the city of Sioux Falls. Findings and judgment being in favor of the defendant, the plaintiff has appealed.

The case was formerly before this court on an appeal from an order dissolving the temporary injunction, and is reported in 17 S. D. 362, 97 N. W. 3, and the facts are fully stated therein. On the remittitur going down from this court, the case was tried upon the merits, and the material findings of the court necessary to be considered on this appeal only will be given. Findings 1, 2, 3, 4, and 5, being formal matters, and practically copies of the allegations of the complaint admitted by the answer, are omitted. Findings 6, 7, and 8 are copies of the ordinances of the city of Sioux Falls, which were set forth in the answer and the existence of which was admitted by the plaintiff. The other findings of the court, from 9 to 15, inclusive, are in substance as follows: That the defendant erected and constructed its poles and its wires and performed all the acts and things in connection therewith in the construction of its telephone system and plant in accordance with the terms and in the manner prescribed by the ordinances of said city; that said defendant did not carelessly or negligently construct or erect its said telephone poles and plant, and that the operation and maintenance of the same does not cause unnecessary injury or inconvenience to the said plaintiff or any injury to his property; that plaintiff's lots and the street have been so laid out that there exists in front of said premises a five-foot sidewalk, and between the said sidewalk and the traveled part of the street is a parking about 12 feet in width, which parking extends from the sidewalk to the gutter; that the said plaintiff under the ordinance of said city, in the parking upon the land hereinbefore described, and within 12 feet of the line of the street, planted a number of valuable shade and ornamental trees, and made and kept in order the said park or grass plat between the said sidewalk and curbing ,thereby rendering the aforesaid property more valuable and increasing its usefulness and advantage generally; that after said plaintiff had made the said improvements the said defendant did, under and in pursuance of the ordinance of said city,

lawfully and rightfully enter upon the premises and erect, in the extreme northwest corner of the said lot and upon the very outer edge of said parking and near the curbing of said street, a good, sound telephone pole, 45 feet in height, upon which it placed cross-arms and wires; that said pole was carefully and properly erected and the wires placed thereon, at such a height that they did in no manner injure the tops of the trees planted and growing upon said premises; that the erection of said pole has not in any manner damaged or injured any portion of plaintiff's property, nor has the placing of the wires upon said pole damaged or injured the same, nor does the same injure or destroy in any way the trees and grass which the plaintiff has caused to grow upon said parking; that the erection of said pole and the stringing of wires thereon has in no manner depreciated the value of said property, and has not injured or rendered inconvenient the use or occupation of said property by said plaintiff; that the wires strung upon said pole are only such as are necessary and requisite to carry on and do the business required by said telephone system; that the defendant has not paid plaintiff anything on account of the erection of the said pole, and has not commenced any action or proceeding of any kind to determine the amount of any damage that might possibly accrue to him by virtue of its telephone system and plant by the defendant; that the construction of said telephone system and plant and the erection of said pole and the stringing of wires thereon has in no way damaged the plaintiff, nor his premises; that there were alleys parrallel to a portion of Duluth avenue, and that said alleys did not extend the entire length of said avenue, nor did they extend parallel to so much of said avenue as is necessary for said defendant to occupy with its telephone system and plant, and that said alleys are not unoccupied; and that the erection, construction, and maintenance of the said telephone system and plant does not create any additional servitude or burden upon the streets of said city. From these findings the court concludes that the said plaintiff is not entitled to a decree restraining the defendant as prayed for in the complaint, and that the complaint should be dismissed on the merits.

The appellant excepted to all the findings of the count above

set forth, except the one as to the plaintiff's parking in front of his lot. The plaintiff has assigned as error the overruling of plaintiff's motion that the answer to the following question asked of defendant's witness be stricken out: "Q. State how defendant's plant is constructed." To which the witness answered: "The plant is constructed according to the city ordinance." Also, the court's refusal to find the facts as requested by plaintiff as appears by his proposed findings and in making findings Nos. 9 to 15, inclusive, and in refusing plaintiff a new trial. The exceptions to the findings of the court are that they are not supported by the evidence. The ordinance set out in the answer and admitted in evidence prescribes in detail the manner in which the defendant should construct its telephone plant, including the dimensions and size of the poles upon which the wires were to be strung and the streets in which the same might be placed. That the defendant had constructed its telephone system in accordance with the ordinance of the city was shown by the witnesses introduced on the part of the defendant, independently of the answer of the witness to the question which the plaintiff moved to strike out. Conceding that the court erred in refusing to strike out this answer, such ruling would not constitute reversible error, as this court would presume that the trial court disregarded all incompetent evidence in making its findings, if there was competent evidence upon which the findings could be based, except where such incompetent evidence is such as to be conclusive of the rights of the parties. Starkweather v. Bell, 12 S. D. 155, 156, 80 N. W. 183. It is recited in the bill of exceptions that one of the defendant's witnesses, after he duly qualified, testified: "I am acquainted with Mr. Kirby's residence, corner of Duluth avenue and Sixth street. The pole placed at the corner of his parking is a 45-foot pole, 39 feet above the ground and 6 feet in the ground. It is what is known as a 45-foot pole. The pole is placed right exactly on the corner of the lot—the northwest corner —of Mr. Kirby's place on Duluth avenue. There are wires strung on the cross-arm of this pole, and the wires run over the tops of the trees of plaintiff. This pole was erected and the wires run in the usual manner of other work of a similar nature in the erection of

this plant in this city and maintaining it. A few, a very few, of the topmost branches of the trees touch the wires. There are about 26 wires on the pole. There are electric light wires of the city of Sioux Falls attached to this pole. This pole is placed at a point similar to other poles at the street crossings, and it is constructed in the usual manner and in a manner to cause the least possible inconvenience. The first cross-arm is four inches from the top of the pole, with a space of twelve inches between the different cross-arms. There are three cross-arms now on the pole. The highest pole now in use in the city of the defendant company is 65 feet high, and the shortest 25 feet high." Other witnesses on the part of the defendant gave similar testimony. It will thus be seen that the court was enabled to determine therefrom whether or not the plant was constructed and the poles erected in substantial compliance with the ordinance, and the findings of the court upon this question were clearly justified by the evidence before him. Taking this view of the case, it is not necessary, therefore, to discuss or decide as to the correctness of the ruling of the court in refusing to strike out the answer.

While it is true there was some conflict in the evidence, we are inclined to take the view that no finding of the court is in conflict with the preponderance of the evidence. While the plaintiff, as a witness in his own behalf, claimed that his property was more or less damaged by the erection of the telephone pole in the corner of his parking, he fails to give any particular damage which he or his property have sustained thereby, and he only states generally that in his opinion his property was rendered less valuable by reason of the erection of this pole and wires in front of the same. The witnesses on the part of the defendant clearly competent stated facts showing that neither the plaintiff nor his property sustained any damage or injury by reason of the erection of defendant's telephone system.

The right of the defendant to construct its telephone system and erect the poles for that purpose, subject to the qualifications that the right must be exercised in such a manner as not to cause an unnecessary injury or inconvenience to property owners, was decided by

this court on the former appeal, and need not be further discussed in this opinion. Certainly there was no evidence in this case proving or tending to prove that the defendant was exercising the right in such a manner as to cause the plaintiff any unnecessary injury or inconvenience.

It is further contended by the plaintiff that the court should have found certain other facts proposed by the plaintiff, but these proposed findings were either included in the findings of the court as made, presented immaterial matter, or were not supported by the evidence.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

FULLER, P. J., took no part in this decision.