COLOMB, Appellant, v. FIRST NATIONAL BANK OF WINNER et al, Defendants,    (Talbott et al, Respondents).

(208 N. W. 404.)

(File No. 5935.   Opinion filed April 9, 1926.)

1. **Appeal and Error—Findings—In Case Tried to Court Without Jury, There Can Be No Reversible Error in Rulings on Reception or Rejection of Evidence, if Evidence Properly Received Is Sufficient to Support Findings.**

    In case tried to court without jury, there can be no reversible error in rulings on reception or rejection of evidence, if evidence properly received is sufficient to support findings.

2. **Appeal and Error.**

    If in case tried to court without jury there is sufficient competent evidence to support findings, Supreme Court will presume trial court did not consider incompetent evidence.

3. **Mortgages—Trusts.**

    Where land mortgaged was held in trust for mortgagor, mortgages created valid liens.

4. **Appeal and Error.**

    Finding of trial court, against which there is no clear preponderance of evidence, is presumptively correct, and will not be disturbed by Supreme Court.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 1054(3), 4 C. J. Sec. 2982; **(2)** Appeal and error, Key-No. 931(6), 4 C. J. Sec. 2726; **(3)** Mortgages, Key-No. 12, 27 Cyc. 1036; **(4)** Appeal and error, Key-Nos. 931(1), 1012(1), 4 C. J. Secs. 2722, 2853.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Suit by Chris Colomb against the First National Bank of Winner and others, in which William E. Heaton was interpleaded as a defendant. From an adverse judgment and an order denying a new trial, plaintiff appeals. Affirmed.

*P. A. Hosford,* of Winner, for Appellant.

*W. J. Hooper,* of Gregory, for Respondent Clark.

*Windsor Doherty,* of Winner, for Respondent Talbott.

MORIARTY, C.  This action was brought by the appellant to quiet his title to quarter section of land in Tripp county.  The First National Bank of Winner, C. E. Talbott, Kenneth Clark, and William Raymond were named in the complaint as defendants claiming interests adverse to the appellant's alleged title.

The defendant Raymond answered, alleging that he is the owner in fee of the land in controversy, and further alleging that William E. Heaton is the owner and holder of a certain mortgage made by the plaintiff, and duly recorded, and purporting to mortgage said land; that said Heaton is a proper party to the action, and should be brought in as a party defendant.

Said William E. Heaton served and filed a complaint in intervention, claiming a valid lien on the land in controversy, made by the appellant and ratified in writing by defendant Raymond.

The defendants First National Bank, C. E. Talbott, and Kenneth Clark each answered, each claiming to hold a valid mortgage made by defendant Raymond and covering the land in controversy.  The claim of the bank was settled before the case came to trial, and there is no controversy as to that.  The appellant also concedes that the intervener Heaton is entitled to the judgment entered in his favor.  Thus the issues on this appeal are narrowed down to the contentions between the appellant and the respondents Clark and Talbott.

The case was tried to the court without a jury, and from a judgment in favor of said respondents Cleark and Talbott this appeal is taken.

Appellant's brief sets forth forty-one assignments of error, but all of these assignments may be grouped under three distinct heads, viz.:  Those alleging errors in rulings on objections to the admission of evidence; those alleging the insufficiency of the evidence to support the finding made by the court; those alleging that the trial court erred in refusing to make certain findings requested by appellant.

[1]  As the case was tried to the court without a jury, there can be no reversible error in rulings on the reception or rejection

of evidence, if there is evidence properly received and sufficient to support the findings. Durand et al. v. Preston, 128 N. W. 129, 26 S. D. 222; Godfrey v. Faust, 101 N. W. 718, 18 S. D. 567; Kirby v. Citizens' Telephone Co., 105 N. W. 95, 20 S. D. 154; Squier v. Mitchell, 143 N. W. 277, 32 S. D. 342; Sherman v. Harris, 153 N. W. 925, 36 S. D. 50, Ann. Cas. 1917C, 675.

Therefore we will first inquire whether there is material evidence, properly admitted, sufficient to support the findings.

The material evidence shows the following facts:

The defendant William Raymond is a Sioux Indian, to whom, on March 12, 1920, the United States government conveyed the land in controversy by a fee title patent. On August 18, 1920, the respondent Kenneth Clark began an action against said defendant Raymond, claiming an equitable lien on said land, and on said day filed in the office of the register of deeds of Tripp county a notice of the pendency of said action.

On August 19, 1920, Raymond executed a warranty deed purporting to convey said land to appellant. This deed was duly recorded on August 20, 1920.

On May 19, 1922, appellant and his wife made a mortgage covering said land and running to the intervener Heaton. Defendant Raymond signed an approval of the giving of this mortgage.

On January 17, 1923, defendant Raymond made a mortgage covering this land and running to the respondent Clark. On the same day defendant Raymond made a mortgage covering this land and running to the respondent Talbott.

Clark's mortgage was recorded on January 17, 1923, at 11:30 a. m., and Talbott's mortgage was recorded on the same day at 11:45 a. m. Clark's mortgage was given in settlement of his suit against Raymond above mentioned, which suit had not been tried. Talbott's mortgage was given for attorney's fees in the Clark case, wherein Talbott's law firm appeared for Raymond.

The court found that Raymond's deed to appellant was made without consideration and for the sole purpose of preventing respondent Clark from collecting his claim from the land in controversy, and that it was agreed between appellant and Raymond, at the time said deed was executed, that appellant would hold

title to said premises and sell the same, receive $1,000 and no more for his services, and that at all times appellant had held said land subject to Raymond's interest therein. And the court held the mortgages of respondents Clark and Talbott to be valid liens on the land; determined the amounts due on each; and decreed their foreclosure.

If the court was correct in finding that appellant held title in trust for Raymond, it follows that the mortgages made by Raymond created valid liens on the land. Thus practically the only question in the case is whether there is evidence sufficient to support this finding.

[2] Considerable evidence was admitted as to statements made by Raymond to the effect that the agreement between himself and appellant was as found by the court. But these statements were not made in appellant's presence, and the evidence was admitted over appellant's objection that it was hearsay and not binding on him. If there is sufficient other evidence to support the finding, we will presume that the trial court did not consider this class of evidence in arriving at its decision.

[3] Appellant and Raymond denied on the witness stand that they had any such agreement. Appellant testified that he paid what he considered to be full value for the land. But he admitted that nearly two years after he received the deed he asked Raymond to approve his making of the mortgage to Heaton, and arranged to have Raymond sign a written approval of the transaction. Several witnesses testified to having had conversations with appellant in which he stated that he was holding the land for Raymond, and would deed it back to him any time Raymond requested him to do so. One witness testified that he had a conversation with appellant concerning appellant's authority to mortgage the land, and appellant said that Raymond had given him authority to mortgage the land for $1,000, and the witness testified that during this conversation Raymond came in, appellant asked him whether he had given such authority, and Raymond answered that he had. The mortgage under discussion at that time was the one of which appellant admitted that he asked Raymond to sign an approval.

This evidence the trial court had a right to believe in preference to believing the evidence of appellant and Raymond to the

effect that the deed to appellant was intended as an absolute conveyance. There can be no valid objection to evidence of admissions made by appellant, or of statements made by Raymond in appellant's presence, and this evidence is sufficient to support the finding that appellant was holding the title for Raymond's benefit.

[4] There being no clear preponderance of evidence against the finding of the trial court, such finding is presumptively correct, and will not be disturbed by this court. Farmers' & Merchants' Nat. Bank v. Bank of Commerce (S. D.) 206 N. W. 691; Karlsson v. Odland, 192 N. W. 758, 46 S. D. 350; Steensland v. Noel, 134 N. W. 207, 28 S. D. 522; Chaddock v. Baptist Society, 192 N. W. 742, 46 S. D. 346.

The findings proposed by the appellant were all based upon the theory that the deed to appellant was an absolute conveyance, and, the court having found against this contention, there was no error in refusing to make such requested findings.

Finding no reversible error in the record the judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.