BARKLEY, Respondent, v. BOARDMAN, Sheriff, Appellant.

(221 N. W. 268.)

(File No. 6371.   Opinion filed October 6, 1928.)

*A. J. Keith,* of Sioux Falls, and *F. L. Rowland,* of Carthage, for Appellant.

*Caldwell, Caldwell & Burns,* of Sioux Falls, for Respondent.

MORIARTY, C. The respondent, Luella A. Barkley, began this action to recover from George Boardman, as sheriff of Minnehaha county, $2,143.28 which he was holding under an execution levy.

The evidence was taken before a jury, but, when both parties had rested, each party moved for the direction of a verdict, and the trial court announced that he considered that there was no question of fact to be submitted to the jury, and that he would make findings of fact and conclusions of law.

Thereafter the court made its findings and conclusions in favor of the plaintiff's contentions and entered judgment accordingly. A motion for a new trial was denied, and, from the judgment and the order denying a new trial, this appeal was taken by the defendant.

So far as material, the facts shown by the record are as follows:

The respondent is the wife of George E. Barkley. On the 9th day of February, 1923, her said husband, George E. Barkley, owed the respondent $9,000, and on that date he executed and delivered to respondent two notes, one for $7,000 and one for $2,000, as evidence of such indebtedness, and also executed and delivered, as security for the payment of said notes, a chattel mortgage covering certain of his personal property. This chattel mortgage was filed in the office of the register of deeds of Minnehaha county on February 13, 1923.

On March 4, 1926, respondent and her husband, George E. Barkley, executed an instrument in writing wherein they agreed that all the property described in and covered by the aforesaid chattel mortgage should be sold at public auction, that the Corn Exchange Savings Bank of Sioux Falls should act as clerk of said sale and collect and receive the proceeds thereof and should hold such proceeds as a trust fund to be applied as follows: $600 to be paid to the Dakota Trust & Savings Bank, to cover a balance due to that bank from the mortgagor, George E. Barkley, and the re-

mainder of such trust fund to be paid to the mortgagee, Luella A. Barkley, to be applied on the debt secured by said chattel mortgage. The sale was held in accordance with the said agreement, and the proceeds were less than sufficient to pay the amount due on the mortgage.

Appellant's brief presents but three contentions which we deem it necessary to discuss, to wit:

That the trial court erred in overruling defendant's objections to the introduction of certain items of evidence.

That the chattel mortgage held by the plaintiff was invalid because it had not been renewed at the expiration of three years after its original filing.

That the written agreement between the plaintiff and her husband, George E. Barkley, was of no force or effect, because the lien of a chattel mortgage does not follow the proceeds of any sale of the mortgaged chattels unless the property is sold at statutory foreclosure sale.

█ As to the evidence admitted over defendant's objections, all of the arguments presented by appellant's brief are based upon the theory that plaintiff's chattel mortgage was invalid and therefore immaterial to any of the issues in the case. This question is disposed of adversely to appellant's contention in deciding the other points discussed herein. But in any event, as the case was finally disposed of in the same manner as if originally tried without a jury, the trial court is presumed to have disregarded any evidence improperly admitted. This rule will be applied, unless it appears that the trial court has relied upon evidence improperly admitted. State ex rel. Smith v. Miers, 49 S. D. 96, 206 N. W. 236; Colomb v. First National Bank, 50 S. D. 69, 208 N. W. 404; Durand et al v. Preston, 26 S. D. 222, 128 N. W. 129; Godfrey v. Faust, 18 S. D. 567, 101 N. W. 718; Kirby v. Citizens' Telephone Co., 20 S. D. 154, 105 N. W. 95; Sherman v. Harris, 36 S. D. 50, 153 N. W. 925, Ann. Cas. 1917C, 675.

As to the contention that the chattel mortgage held by the plaintiff was invalid because no renewal thereof had been filed prior to the expiration of three years after its original filing, the statute in force (Rev. Code 1919, § 1587) when the mortgage was filed provided that, unless the affidavit of renewal was filed within three years the mortgage would cease to be valid as against creditors of

the mortgagor, and subsequent purchasers or incumbrancers in good faith. But before three years after the filing of this mortgage had expired the provisions of chapter 109 of the Session Laws of 1925 had gone into effect, and had so amended the law as to make the original filing of chattel mortgages good for six years instead of three years.

Counsel on both sides of this case devote a large part of their briefs to a discussion of the effect of this amendment on the chattel mortgage involved in this case. But the view which we take of this case is that said question is immaterial.

██ There is no contention that the mortgage was fraudulent, or not given to secure a valid debt, which remained unpaid to the date of the sale. This being true, the mortgage was valid as between the mortgagor and the mortgagee without either filing or renewal. The mortgagee remained a creditor of the mortgagor, and the latter had a right to prefer a creditor. By numerous of its decisions this court has declared that a creditor cannot attack the validity of a mortgage upon the grounds relied upon in this case until he has acquired some lien upon the specific property involved. Aultman Engine & Thresher Co. v. Young, 25 S. D. 212, 126 N. W. 245, Ann. Cas. 1912B, 1101; Union Nat. Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533; Guaranty State Bank v. Lawrence, 51 S. D. 33, 211 N. W. 801; Cobbey on Chattel Mortgages, § 774.

The creditor for whom the levy was made in this case had not acquired any lien upon the specific property covered by the mortgage, nor taken any action in the matter until the proceeds of the sale had become a trust fund in the hands of the bank which clerked the sale; therefore the defendant, representing this judgment creditor, is not in a position to attack the validity of the mortgage on the ground that it was not properly renewed.

Appellant's counsel contend that in its decisions in Nelson v. Badker, 39 S. D. 108, 163 N. W. 569, and Minneapolis Threshing Machine Company v. Calhoun, 37 S. D. 542, 159 N. W. 127, this court has recognized the right of a creditor to attack the validity of a mortgage without having first secured a lien on the specific property. But a reading of the decisions will show that the only question as to the invalidity of the mortgages, recognized by the court, was invalidity arising from the fraudulent character of the

claims which the mortgages purported to secure. This court has consistently held that a mortgagor may prefer the mortgagee as one of his creditors, but, of course, if the mortgagee is not in fact a creditor and the mortgage is a fraudulent effort to make him appear to be such, then there can be no valid preference, and no trust fund which the law will recognize.

As to the validity of the trust agreement made by the parties to the mortgage, the agreement in the instant case is of the same character held by this court to be valid. Threshing Machine Co. v. Calhoun, supra; Nelson v. Badker, supra; James River Bank v. Hansen, 51 S. D. 13, 211 N. W. 976; Farmers' State Bank v. Van Houten, 52 S. D. 528, 219 N. W. 206.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., not participating.