CITY OF WESSINGTON SPRINGS, Respondent, v. SMITH et al, Appellant.

(223 N. W. 723.)

File No. 6637. Opinion filed February 21, 1929.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Chas. R. Hatch,* of Wessington Springs, and *Gardner & Churchill,* of Huron, for Respondent.

516

CAMPBELL, J. The defendant Smith was treasurer of the plaintiff city, and furnished an official bond as such treasurer, executed by the defendant Fidelity & Deposit Company, the condition of which bond was as follows:

"Whereas, Stanley S. Smith was duly appointed city treasurer in and for the city of Wessington Springs, state of South Dakota, for the unexpired term beginning March 1, 1923, and ending May 1, 1924, or until his successor is duly elected and qualified: The condition of the above obligation is such that, if the said Stanley S. Smith shall render a true account of his office, and of the doings therein to the proper authority, when required thereby, or by law, and shall promptly pay over to the person or officers entitled thereto, all money which may come into his hands by virtue of his said office, and shall faithfully account for all the balances of money remaining in his hands at the termination of his office, and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his said office, and deliver them to his successor, or to any person authorized to receive the same, and if he shall faithfully and impartially, without fear, favor fraud or oppression, discharge all other duties now or thereafter required of his office by law, then this bond to be void; otherwise, in full force and effect."

The treasurer, Smith, was assistant cashier of Farmers' Savings Bank of Wessington Springs, a banking corporation under the laws of this state, and in his capacity as treasurer deposited funds of the plaintiff city in such bank. The bank closed for liquidation on February 5, 1924, at which time the treasurer had on deposit in said bank of city funds the sum of $13,154.68, and this action was instituted to recover that amount, being brought originally on the theory that the treasurer was an insurer of municipal funds in his hands.

Defendants demurred to the complaint, and their demurrers were overruled, and upon appeal this court reversed the orders appealed from (50 S. D. 133, 208 N. W. 580), on the authority of Edgerton, etc., District v. Volz, 50 S. D. 107, 208 N. W. 576, wherein this court held, in substance, that in view of the provisions of section 9013, Rev. Code 1919 (providing that a state bank which had fully complied with the provisions of the Depositors' Guaranty Law need not give other security to become a depositary for public

funds), and chapter 335, Laws 1921 (making it mandatory for treasurers of counties, municipalities, townships, and school districts to deposit moneys with which they were officially chargeable in banks within the state of South Dakota), a school district treasurer, who in good faith selected a state bank as a depositary without requiring bond, and deposited money therein, was not liable for the loss thereof by failure of the bank.

The case being remanded after the former appeal, the complaint was amended to include the following allegation: "That the said defendant Stanley S. Smith, as treasurer of the city of Wessington Springs aforesaid, and while he was the assistant cashier of the said Farmers' Savings Bank of Wessington Springs, deposited from time to time the funds belonging to the plaintiff in said bank. That, at the time of making said deposits in said bank, the said bank, as defendant Stanley S. Smith at all times well knew, was financially unsound and insolvent; but, notwithstanding the condition of said bank and his knowledge thereof, the said defendant Stanley S. Smith negligently and for the purpose of increasing the deposits of said bank, of which he was an officer, and in the interest of said bank, continued from time to time to make deposits therein, and negligently permitted the said deposits to remain in said bank until on or about the 4th day of February, 1924, when said bank was placed in the hands of the superintendent of banks of the state of South Dakota, on account of its insolvent condition."

The case was tried to the court, a jury having been waived by stipulation, and the court made the following findings, among others: "That on the 5th day of February, 1924, the defendant Stanley S. Smith, as such treasurer of the city of Wessington Springs, had on hand of the funds belonging to the plaintiff the sum of thirteen thousand one hundred fifty-four and 68/100 ($13,154.68), which said funds had theretofore been deposited and were then on deposit, by him with the Farmers' Savings Bank of Wessington Springs, a banking corporation created under and existing by virtue of the laws of the state of South Dakota, of which said bank the said Stanley S. Smith was at all times in the complaint mentioned the assistant cashier. That the said defendant Stanley S. Smith, as treasurer of the city of Wessington Springs aforesaid, and while he was the assistant cashier of the said Farmers' Savings Bank of Wessington Springs, South Da-

kota, from time to time, deposited the funds belonging to the plaintiff in said bank, during the whole of the term of office of said defendant Smith as treasurer of said city. That on February 5, 1924, the said Farmers' Savings Bank of Wessington Springs, South Dakota, failed to open for business, and its assets and property were taken into the custody and control of the superintendent of banks of the state of South Dakota for liquidation, on account of the insolvent condition of said bank. That for a long time prior to said February 5, 1924, and at least as early as during the month of August, 1923, the said Farmers' Savings Bank of Wessington Springs was unsound and insolvent, and from at least about the 1st of August, 1923, down to the time of the closing of said bank, the defendant Stanley S. Smith well knew and had reasonable cause to believe that said bank was financially unsound and insolvent, but notwithstanding the insolvent condition of said bank, and his knowledge thereof, the said defendant Stanley S. Smith negligently and in bad faith, and for the purpose of increasing the deposits of said bank of which he was an officer, and in the interest of said bank, continued from time to time to make deposits in said bank and negligently and in bad faith permitted the said deposits to remain in said bank until the closing thereof as hereinbefore found. That from the time the said Smith had actual knowledge and reasonable cause to believe that said Farmers' Savings Bank of Wessington Springs, South Dakota, was financially unsound and insolvent, about August 1, 1923, and down to the date of the closing of said bank, the said Smith deposited funds of the plaintiff in the said bank in amounts largely exceeding the amount of funds of plaintiff remaining on deposit in said bank at the time of the closing thereof; and the defendant Smith, as treasurer aforesaid, negligently and carelessly and in bad faith and in disregard of his duty to plaintiff, deposited more than the sum of fifteen thousand dollars ($15,000) of the funds of the plaintiff in said Farmers' Savings Bank of Wessington Springs, South Dakota, after he well knew and had reasonable cause to believe that said bank was financially unsound and insolvent."

Judgment was entered in favor of the plaintiff for the full amount prayed for in the complaint, and from that judgment and from an order denying its application for new trial, the defendant Fidelity & Deposit Company has appealed.

■ Appellant contends that the evidence is insufficient to justify the court's finding with reference to the insolvency of the bank in question and Smith's knowledge thereof, and also contends that the court ruled erroneously in admitting, over the appellant's objection certain items of evidence offered on the questions of insolvency and knowledge. Inasmuch as the case was tried to the court without a jury, there can be no reversible error in rulings on the reception of evidence, if there is sufficient evidence properly received to support the findings. Colomb v. First National Bank, 50 S. D. 69, 208 N. W. 404; Barkley v. Boardman, 53 S. D. 556, 221 N. W. 268.

We think no good purpose would be served by reciting the evidence, or by taking up specifically each item, the admission of which appellant assigns as error. It is enough to say that upon the record presented we are entirely satisfied that the findings are amply supported by evidence concerning the admissibility of which there can be no question. It therefore becomes unnecessary to consider the various rulings of the court as to admission of evidence upon which appellant predicates error, since such error, assuming it exists, would not constitute ground for reversal.

■ Appellant's principal contention in the case, however, goes beyond the foregoing questions, and is stated in the appellant's brief in the following language:

"Appellant contends that there is no competent evidence to show insolvency and that in fact the evidence does show that the bank was solvent at the time it suspended business, but the appellant also states that irrespective of whether the bank was or was not insolvent under the evidence, there is no liability on its bond, because:

"(1)   The case is governed by the rule of Edgerton Independent Consolidated School District No. 2 of Hanson County et al v. Volz et al, 50 S. D. 107, 208 N. W. 576.

"(2)   The city ratified the deposit as carried, and therefore is estopped to question the legality thereof.

"(3)   The Legislature designated all state banks as depositories of public funds, and the guaranty fund of the state of South Dakota was made responsible for the deposit in said banks."

The decision in the Edgerton Case was predicated absolutely upon the good faith of the treasurer, as evidenced by the following

language in the decision: *"Assuming, as is shown in this case, that the treasurer has acted in good faith in the selection of a depositary and in continuing the deposits therein,* it is incompatible with the idea of common justice for the law to compel a treasurer to deposit money in a bank, to provide, as is done by section 9013, Rev. Code 1919, that no bond shall be required by him from the bank to secure such deposit, and then, when the bank fails, to hold the treasurer liable as an insurer of the solvency of the bank."

The vital importance of good faith and due care and prudence were also indicated by the decision of this court, filed at the same time as the Edgerton opinion, in the case of Independent School District v. Fritcher, 50 S. D. 106, 208 N. W. 580, wherein this court said: "It is stated in respondent's brief that the city treasurer was also cashier of the failed bank. Nothing of that kind is alleged in the complaint. Suffice it to say that, if the treasurer acted negligently or in bad faith in depositing or was negligent in continuing the deposits, the decision on this appeal is not res judicata of that question."

In the case of Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863, this court distinguished the Edgerton Case, and said: "In depositing the funds in a bank he knew to be in failing circumstances and in continuing the deposit, Scott violated this covenant in the bond. He did not act in good faith. He was wholly negligent of the interest of the school district, so negligent, indeed, as to amount to a fraud on the district. Good faith on the part of Scott would have prompted him to have withdrawn the funds of the school district from the County Seat State Bank when he learned it was in failing circumstances and deposit them in one of the other designated depositaries. Because of the bad faith and fraudulent conduct on the part of Scott, and upon the authority of the Edgerton Case above cited, he and his surety should be required to make good the loss occasioned by such misconduct."

See, also, Onida Independent School District v. Groth, 53 S. D. 458, 221 N. W. 49, wherein this court said: "The judgment in this case rests upon a finding that Groth, with knowledge of the insecure and insolvent condition of a bank of which he was a managing officer, allowed the funds of the plaintiff district to remain on deposit in that bank until the insolvency of the bank resulted in the loss of the funds. There is substantial evidence to support that

finding and we find no preponderance of evidence against it. Under such circumstances there was such bad faith or lack of diligence on Groth's part as to make him liable for the loss of the plaintiff's funds."

The evidence being sufficient to support the findings, the matter is ruled against appellant by the decisions last above cited.

There is no reversible error in the record, and the judgment and order appealed from are affirmed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.