## In re VASGAARD'S ESTATE.

MEE, et al, Petitioners, v. THE CIRCUIT COURT OF MINNE-
HAHA COUNTY, Respondent.

(248 N. W. 198.)

(File No. 7531.   Opinion filed April 24, 1933.)

*Everett A. Bogue,* of Parker, for Petitioners.
*Danforth & Davenport,* of Sioux Falls, for Respondent.

RUDOLPH, P. J.   This is a proceeding wherein it is sought
by mandamus to compel the circuit court of Minnehaha county to
dismiss an appeal from the county court of Minnehaha county to
the circuit court of that county.

On December 3, 1932, the county court of Minnehaha county
made an order admitting to probate in that court a certain instru-
ment as and for the last will and testament of Endre J. Vasgaard,
deceased, and appointing executors thereof.   An appeal to the
circuit court was attempted to be taken from this order, and on
December 6, 1932, a notice of appeal and undertaking were served
upon the attorney for the proponents of the will.   The notice of
appeal and undertaking were filed in the office of the clerk of courts
of Minnehaha county on December 12, 1932.   The undertaking
was signed by the Western Surety Company, and, it is conceded
by petitioners, was in all respects regular, except that the suffi-
ciency of the surety was not approved by the county judge.   On

January 10, 1933, the circuit court of Minnehaha county issued its order to the objectors to the will to show cause why the appeal should not be dismissed. A hearing was had, and, as a result thereof, the circuit court authorized the judge of the county court to "endorse his approval upon said bond or undertaking on appeal nunc pro tunc as of the date of the filing of said undertaking on appeal in said County Court," and denied the motion to dismiss the appeal. Since the entry of the order by the circuit court, and prior to the commencement of this proceeding, the county judge has indorsed his approval upon the bond, nunc pro tunc as of the date the bond was filed.

The petitioners contend that the circuit court of Minnehaha county has no jurisdiction to hear and determine the appeal from the county court. Petitioners rely entirely upon the provisions of section 3555, R. C. 1919, which provides in part as follows: "The appeal bond shall be in such sum as the court may fix in the order judgment or decree appealed from, and, in the event no sum is so fixed, it shall be in the sum of two hundred and fifty dollars, with at least two sufficient sureties to be approved by the judge."

The contention of petitioners is stated in their brief as follows: "It should be stated here that there is no contention on the part of the petitioners that the notice of appeal and undertaking herein filed in the office of the clerk of courts were not filed within thirty days from the date of entry of the judgment, it being the sole contention of the petitioners that the undertaking filed was not such an undertaking as is required by statute, in that it did not have, within the time for taking the appeal, the approval of the county judge. That the approval of the County Judge is a jurisdictional and not a discretionary act, and failing raises a jurisdictional question that renders the appeal ineffectual for any purpose."

The question presented for our consideration therefore is whether the failure of the county judge to approve the appeal bond, under the provisions of section 3555, R. C. 1919, is such a defect in procedure that cannot be cured by an amendment authorized by the circuit court after the time for appeal has expired. Our Code of Probate Procedure, section 3554, R. C. 1919, is as follows:

"*Contents of Notice—Bond.* The appeal must be taken:

"1. By filing a written notice thereof, signed by the appellant or his attorney, with the clerk of courts, stating the judgment, decree or order appealed from, or some specific part thereof, and whether the appeal is on a question of law or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,

"2. By executing and filing, within the time limited in the preceding section, such bond as is hereinafter required; provided, however, that if the respondent shall have appeared by an attorney of record, a copy of said notice of appeal and undertaking shall be served upon him before the filing thereof. The matter so appealed shall be entered upon the calendar of the circuit court and stand for trial; upon the call thereof, without notice of trial or note of issue."

Section 3565 of the Code of Probate Procedure (Rev. Code 1919) provides as follows: "When an appellant shall have given, in good faith, notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the circuit court may permit an amendment, on such terms as may be just."

This last quoted section of our Code has never been construed by this court. Section 3167 of the Civil Code of Procedure (Rev. Code 1919) provides: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court or any one of the judges thereof, may permit an amendment, or the proper act to be done, including the giving of a new undertaking, on such terms as may be just."

Section 3167 has been considered by this court in a number of different cases. See Haines v. Waite, 60 S. D. 199, 244 N. W. 113. It has consistently been held, under the provisions of the Code of Civil Procedure, that the service of a notice of appeal to the Supreme Court, where there is no bond on appeal, becomes an absolute nullity, and the failure to file a bond is not a defect in procedure that can be cured under the provisions of section 3167. However, the underlying reason for so holding, with reference to

appeals from the circuit court to the Supreme Court under the provisions of the Civil Code, is found in the provisions of section 3150 of the Code of Civil Procedure (Rev. Code 1919). This section provides as follows: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars."

This court in the case of Aldrich v. Publishing Co., 27 S. D. 589, 132 N. W. 278, 280, spoke with reference to an appellate court acquiring jurisdiction as follows: "Under a section similar to section 441 [now 3146 R. C. 1919], supra, the Supreme Court of Oregon held that it acquired jurisdiction through the service and filing of notice of appeal, regardless of whether the undertaking was served as required by the statute. Undoubtedly this decision is correct, because in Oregon there is no section similar to our section 445 [now 3150, R. C. 1919], supra; but in New York and California where they have sections similar to our section 445 [now 3150, R. C. 1919], the courts have held as has this court in the past (Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685) that no jurisdiction is acquired through the service and filing of the notice of appeal, where, under the Code, a bond would be necessary to render the appeal effectual. Kelsey v. Campbell, 38 Barb. (N. Y.) 238; Elliott v. Chapman, 15 Cal. 383."

It therefore appears that section 3150, wherein it provides that "to render an appeal effectual for any purpose," is the controlling section. Were it not for this section and the words last above quoted, it would appear that under the provisions of section 3167 the service of notice of appeal would give the Supreme Court jurisdiction to the extent that it might allow an amendment to cure any other defect in the procedure upon appeal, even to the extent of allowing the filing of a new or original undertaking.

Nowhere in the Code of Probate Procedure or in the statutes governing appeals from county courts is found a statute similar to section 3150 of the Code of Civil Procedure, neither is there any provision similar to section 2229 of the Code of Civil Procedure (Rev. Code 1919) relating to appeals from justice court, as that section now appears or as it appeared prior to the Revised code of 1903 when it provided: "An appeal from a justice's court

is not effectual for any purpose, unless an undertaking be filed." (Comp. Laws 1887, § 6133).

We refer to this statute as it appeared prior to the Code of 1903 for the reason that the cases wherein the question of failure to file a bond upon the appeal from the justice court to the circuit court is involved were decided under the statute as it appeared prior to 1903.

Without any provision in the Probate Code similar to section 3150, which renders the appeal "effectual for any purpose," unless the bond is filed within the statutory time for appeal, it is our opinion that, upon an appeal from the county court to the circuit court, the circuit court, under the provisions of section 3565, when the appellant has in good faith given notice of appeal, acquires jurisdiction to the extent necessary to grant any relief that may be required to perfect the appeal when it appears that the defects sought to be cured have occurred through mistake. In other words, the notice of appeal given in good faith confers jurisdiction upon the circuit court so that any omission through mistake may be supplied by amendment. The North Dakota court was confronted with a situation very similar to that in this case, and noted the same distinction in the North Dakota statutes that we have pointed out here. See In re Peterson Estate, 22 N. D. 480, 134 N. W. 751, 754, wherein the North Dakota court, after calling attention to the statutes on probate appeals, said: "We here find no provision similar to section 8502, governing appeals from justice court, that 'to render an appeal effectual for any cause an undertaking must be executed on the part of the appellant,' with certain conditions required by a statute manifestly mandatory."

There is no question in this case concerning the good faith of appellant in giving his notice of appeal, or that the failure to have the county judge approve the bond occurred through mistake. The circuit court, therefore, had jurisdiction to permit the county judge to approve the bond; this the county judge has done, and the circuit court has acquired complete jurisdiction of the case upon appeal.

The alternative writ issued herein will be dismissed.

POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.