## IN RE ESTATE OF PETERSON

(146 N.W.2d 54)

(File No. 10314. Opinion filed November 4, 1966)

360

**Frank L. Farrar,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for appellant.

**H. F. Chapman, Christopherson, Bailin, Wilds & Bailey,** and **C. A. Christopherson,** Sioux Falls, for respondents.

RENTTO, Presiding Judge.

The County Court of Minnehaha County on September 9, 1965, on an agreed statement of facts, entered an order determining the inheritance tax due from one of beneficiaries in the above estate. The State of South Dakota acting through its Deputy Commissioner of Revenue of the Department of Revenue, within the time allowed by SDC 1960 Supp. 35.2103, filed a notice of appeal. The administrator of the estate and the bene-

ficiaries thereof, on October 12, 1965, moved to dismiss the appeal because of defects in the notice. On October 26, 1965, the motion was heard and granted from which action the state appeals.

The notice of appeal from the county court stated that the state was appealing to the Circuit Court of Minnehaha County, South Dakota:

"from the Order of the County Court of Minnehaha County, South Dakota, determining the inheritance tax in the above entitled matter. This appeal is taken from the whole of such Order of the Court and from every part thereof determining and fixing the taxability of the property of the said estate and from the decree fixing the amount of the tax due on account of such transfer."

SDC 1960 Supp. 35.2104(1) provides that the notice of appeal from an order of the county court in probate matters should state:

"the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on the question of law or of fact, or of both, and if of law alone, the particular grounds upon which the party intends to rely on his appeal."

The motion to dismiss the appeal was based on the ground that the notice thereof did not state whether the appeal is on questions of law or of fact, or of both, and if of law alone, the particular grounds upon which the state intended to rely on the appeal.

█ Our provisions for appeal from county courts in matters of probate establish two distinct procedures. SDC 1960 Supp. 35.2111 as amended by Ch. 195, Laws of 1961. When the appeal is on questions of law alone the appellate court may reverse, affirm, or modify the determination appealed from. When it is on questions of fact, or on questions of both law and fact, a trial de novo shall be had in the appellate court. In the former a record is brought up for review and in the latter the case comes up to be retried. Engle v. Yorks, 7 S.D. 254, 64 N.W. 132.

The statement in the notice of the nature of the appeal is the only notice that the adverse party receives as to which type of appellate hearing he must prepare for.

In the appeal with which we are here concerned the state did not expressly indicate in its notice the type of appeal that it was prosecuting. However, in its assignment of error No. 5 it urges that there were only questions of law to be determined on the appeal from the county court since all issues of fact were eliminated by the stipulation on which the matter was presented to that court. Its position here is based on that premise and for the purposes of this opinion we accept its view.

■ ■ Consequently, it was required by SDC 1960 Supp. 35.2104(1)· to state in its notice of appeal the particular grounds upon which it intended to rely on its appeal. This it did not do. The statement of these grounds in an appeal from our county courts is in the nature of specifications of error. When the appeal to the circuit court is on questions of law alone, as the state claims this one to be, SDC 1960 Supp. 35.2111 as amended by Ch. 195, Laws of 1961, limits the appellate court's review to the grounds mentioned in the notice of appeal.

So far as we can determine this court has not previously had occasion to consider this requirement in our probate appeal procedures. Oklahoma has the same statutory provision, 58 Okl.St.Ann. § 734, and the Supreme Court of that state has had occasion to write about it. In re Wagoner's Estate, 189 Okl. 654, 118 P.2d 1033, it said that when the appeal is on questions of law alone the appellee has the right "to require the appellant to confine his efforts on review to the grounds of appeal set out in the notice". The opinion indicates that this right would have been enforced in that case if the appellee had not waived it by failing to object. See also In re Concer's Estate, Okl., 271 P.2d 329, in which the court discusses this same provision and goes on to hold that the statement of the particular grounds in the notice was not essential to the appellate court's jurisdiction of the appeal.

In this connection it should be noted that our procedure governing these appeals contains a liberal provision for amend-

ment of the proceedings. SDC 1960 Supp. 35.2112 provides that "when an appellant shall have given in good faith notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal \* \* \* the Circuit Court may permit an amendment, on such terms as may be just." Under similar authority an amendment was permitted in the notice of appeal when the language thereof was insufficient. In re Concer's Estate, supra. And this court has held that under this authority an amendment in the proceedings could be permitted even after the time for appeal had expired. In re Vasgaard's Estate, 61 S.D. 240, 248 N.W. 198.

■ Under the notice of appeal here in question the executor's right to confine the appellant's efforts on review, which he preserved by his motion to dismiss, was made ineffective, and the circuit court left in the dark as to the particulars in which it was claimed the county court erred. While this did not deprive the circuit court of jurisdiction of the appeal, nevertheless we think that court was justified in dismissing the appeal.

■ After the state was apprised of the defects in its notice by the motion to dismiss, it made no effort to amend the same. To have denied the motion under the circumstances here present would in effect, have rendered meaningless several specific enactments of our legislature concerning appeals in probate. A party seeking to avail himself of the privilege of appeal provided by these statutes must substantially comply with the provisions thereof. This the state has not done. Accordingly, we hold that the circuit court did not err in dismissing the attempted appeal.

ROBERTS, BIEGELMEIER and HOMEYER, JJ., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting).

As the deficiency in the notice of appeal was correctible by amendment it was not jurisdictional. Therefore, in my opinion, this appeal from county court to circuit court was not subject to discretionary dismissal by the appellate court.

Statutes and rules of court prescribing procedure for appellate review are universally liberally construed to accomplish review on the merits. Literal compliance is not required. Substantial compliance is sufficient.

As the notice of appeal substantially complied with our statutes and rules of appellate practice it was sufficient to confer jurisdiction on the circuit court for review of the county court's order determining inheritance tax. As the notice did not limit the appeal to a question of law it could and should have been treated as a general appeal on both questions of law and fact. No one was misled by its effect or import. To hold otherwise makes the right of appeal a matter of grace resting in the discretion of the appellate court.

As this court suggested in the early case of Starkweather v. Bell, 12 S.D. 146, 80 N.W. 183, when the defects in the notice of appeal were called to the attention of the circuit court it should have required appellant to amend. This action should accordingly be reversed and remanded for that purpose.