KROEGER, Appellant, v. WARREN, et al., Respondents.

(141 N. W. 395.)

1. **Appeal—Findings—Conflicting Evidence—Affirmance.**
   Findings of trial court based upon conflicting evidence will not be disturbed; there being sufficient evidence to sustain them.

2. **Specific Performance—Oral Contract—Grant of Realty for Personal Services—Convincing Proof.**
   While an oral contract to convey realty in consideration of care and support during remainder of landowner's lifetime may be specifically enforced when there has been complete or partial performance, such relief will not be granted unless the existence of the contract is shown by clear and convincing testimony.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by Elica L. Kroeger against F. A. Warren, as administrator of the estate of Edward F. Smith, deceased, and others, for specific performance of an alleged contract of decedent to convey realty. From a judgment for defendants, plaintiff appeals. Affirmed.

*Rice & Benson,* for Appellant.

The court finds that the performance of the contract as claimed by plaintiff was complete on plaintiff's part in every respect. This fact points unmistakably and unerringly to the agreement or promise as the inducement for such performance, and cannot be accounted for in any other manner. John Berg, Executor, Etc., v. August Moreau, Executor, Etc., 9 L. R. A. (N. S.) 157 (Mo.); Thrall v. Thrall, 19 N. W. 353 (Wis.). We cite, further: Pomeroy's Equity Jurisprudence, Sec. 1404; J. I. Case Threshing Machine Co. v. Farnsworth, (S. D.) 134 N. W. 819, last paragraph second column at page 822; C. C. Secs. 2336, 2339, 2340; Lothrop v. Marble, 12 S. D. 511; McCollom v. Mackrell et al., 13 S. D. 262; Sutton v. Hayden, 62 Mo. 114; Lathrop v. Marble, supra; Steensland v. Noel, 134, 120 N. W. 207 (S. D.)

*Warren & Shoemaker,* for Respondents.

A contract of this character must be established by evidence of an undoubted character which is positive, definite and unequivocal. Evidence of oral declarations, especially regarding a contract made with a decedent, is not of that character and is insufficient to support a decree for the specific performance of the contract. Greer et al. v. Goudy, (Ill.) 51 N. E. 623; Griffin v. Keese, (N. Y.) 80 N. E. 367; Clark v. Clark, 13 N. E. 553.

There is no evidence whatever that Mrs. Kroeger promised to do, or did, anything under this contract. True, she cared for the deceased two weeks, but there is no evidence that what she did was under the contract or in any way referable to it. She was conducting a hotel and no doubt Mr. Smith went there as any other guest. Nelson v. Lybeck, 21 S. D. 223; Collins v. Collins, 114 N. W. 1069.

The burden is on the plaintiff to prove her contract clearly and positively in all of its terms and a mere preponderance of the testimony is not sufficient. Dewey v. Spring Valley Land Co., (Wis.) 73 N. W. 565.

McCOY, J. There were findings of fact, conclusions of law, and judgment in favor of defendant, from which plaintiff appeals. Plaintiff claims that one Edward F. Smith was about the 1st day of May, 1911, the owner of certain real property situated in Flandreau; that said Smith was a man without family and in ill

health, suffering from some loathsome disease which caused his death on about the 3d day of June, 1911; that on the 1st day of May plaintiff and said Smith entered into an oral contract, whereby plaintiff agreed to take said Smith into her family and to personally nurse and care for him, and furnish him all necessary food during the remainder of his natural life; and that, in consideration of said agreements on the part of plaintiff, the said Smith agreed to grant and convey to plaintiff the said real estate. This claim on the part of plaintiff was denied by defendants, who are the administrator and heirs of said Smith. There was no direct testimony of said agreement, or of the express terms thereof, plaintiff being an incompetent witness. There was much testimony tending to establish plaintiff's claim, consisting mostly of statements and admissions made by said Smith, after the alleged making of said agreement, to the effect that he had given said property to plaintiff. It appears that plaintiff was engaged in operating a boarding house or hotel, and that some time after the alleged agreement said Smith did occupy a room in plaintiff's hotel, and to some extent was cared for by her. On the other hand, there were circumstances tending to controvert the claim of plaintiff. There was some testimony tending to show that after the alleged making of said agreement plaintiff rented said property from said Smith; that for some portion of the time he continued to reside alone in said property and care for himself, or procured others, not the plaintiff, to look after and care for him; that this condition continued to exist until about May 19th, about which time his health became suddenly worse, and he was removed to the hotel. There was also some testimony tending to show that after the alleged making of said contract said Smith repaired said real property and himself furnished the materials therefor. The trial court, among other things, found that the evidence introduced by plaintiff was not sufficient to prove the said contract between plaintiff and Smith.

[1] This court on numerous occasions has held that findings of a trial court will not be disturbed when based on conflicting testimony, unless there is a clear preponderance of evidence against the finding. In this case we are of the opinion there was sufficient evidence on the part of defendants to sustain the said findings.

[2] While courts do specifically enforce oral contracts of the kind here involved, when there has been complete or partial performance thereof, still, the establishment of the very existence of such a contract is one of the most vital questions to be determined. The existence of contracts of this character should be established by clear and convincing testimony.

Finding no error in the record, the judgment of the circuit court is affirmed.

**Appeal—Findings—Conflicting Evidence—Affirmance.**

Findings of trial court based upon conflicting evidence will not be disturbed, unless against the clear preponderance of the evidence.

