INDEPENDENT PUBLISHING COMPANY, Respondent, v. STANLEY COUNTY, Appellant.

(141 N. W. 366.)

**Appeal—Findings—Conflicting Evidence—Affirmance.**

Findings of trial court based upon conflicting evidence will not be disturbed, unless against the clear preponderance of the evidence.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Stanley County. Hon. Levi McGee, Judge.

Action by the Independent Publishing Company against Stanley County, to recover for certain county printing.

*Gaffy, Stephens & Fuller,* for Appellant.

It is the contention of the appellant, Stanley county:

1. That neither the board of county commissioners nor George D. Mathieson had any authority at law to authorize the publication of a notice that tax deed would issue to Stanley county.

2. That by reason of said fact, no indebtedness could be incurred by the county for a publication authorized by an officer who had no power to authorize it.

3. That since no legal indebtedness was incurred by Mathieson's having ordered this publication, the action of the board of county commissioners in allowing this bill was void and created no indebtedness against the county.

We cite: Secs. 2203, 2297, Pol. Code; Chap. 246, Laws 1911; Abbott on Mun. Cor., Vol. 2, pp. 1577, 1598; 1 Am. & Eng. Ency. of Law, 973; People v. Bank of North America, 75 N. Y. 547; Halbert et al. v. State, 22 Ind. 134; Grannis v. Commissioners, 83 N. W. 495; Gerley v. City of New Orleans, 41 La. Ann. 75;

State ex rel. Whatcomb County v. Purdy, Treasr., 14 Wash. 343; Newell et al. v. Board of Co. Comrs., 8 S. D. 452; Tamm et al. v. Lavalle, 92 Ill. 263; State ex rel. Harney v. Hastings, 12 Wis. 596; Mitchell v. Board of Co. Cmrs., 24 Minn. 459; Bemis v. Board of Co. Comrs., 23 Minn. 73; Board of Supervisors v. Catlett's Executors, 86 Va. 162; Cumberland Co. Supervisors v. Edwards, 76 Ill. 544; Endion Imp. Company v. Evening Telegram Co., 104 Wis. 432; State ex rel. Dickson v. Williams, Mayor, 6 S. D. 119; Throop on Pub. Off., Par. 21; 29 Cyc. 1435; Troy Mining Co. v. White, 10 S. D. 482; Currie v. School Dist., 27 N. W. 922; Secs. 1847, 1849, Pol. Code; Davis v. King, 50 Am. St. Rep., 118.

*J. H. Johnson,* and *Frank D. Bangs,* for Respondent.

The property of the county was not involved, but only the process of getting the property. After the property is sold for taxes, and tax certificates have been issued to the county, then the property belongs to the county. Then the question is as to whether or not the board of county commissioners have not control, under section 830 of the Political Code, which says: "They shall have power to make all orders respecting the property of the county." Potts v. Bennett et al., 140 Ind. 71.

The evidence is undisputed to the effect that the notices published by the Independent Publishing Company were issued by the county treasurer. Then, even if the court should find, notwithstanding the circuit court found that the county treasurer gave and directed publication of the notice, that the circuit court was in error, and abused its discretion in its findings of fact, and that, as a matter of fact, the county board did direct and manage the publication, as claimed by the appellant, it seems to the respondent that said section 830 makes such an order good, as the lots involved, and, the certificates held by the county are the property of the county.

We cite, further: 3 Cyc. 221, Sec. 4; Brown v. Comrs., 31 N. E. 811; In re Tray Press Co., 88 N. Y. S. 117.

McCOY, J. Plaintiff and respondent is the publisher of a newspaper known as "The Fair Play," published at Ft. Pierre, Stanley county. Under the provisions of section 2207, Pol. Code, as amended by chapter 246, Laws of 1911, the respondent pub-

lished some 24 notices of application for issuance of tax deed, and presented to the board of county commissioners of Stanley county a bill for publishing such notices, and which bill was allowed by such board. , Thereafter, upon the application of certain taxpayers of said county, an appeal from the action of the said board in allowing said bill was taken to the circuit court of said county, and a trial in the circuit court resulted in an affirmance of the said action of the board of county commissioners. The contention of the appellant is that under the provisions of section 2207, Pol. Code, as amended by chapter 246, Laws of 1911, no one was authorized to make such publication, or direct in what newspaper the same should be published but the county treasurer, and that the county treasurer in said county never in any manner authorized the plaintiff to publish said notices, and that the said publications were made wholly without authority of the said treasurer, and therefore not a proper or legal charge against the said county.

On the trial of said cause the court, among other things, made the following finding of fact: "That during the months of January, February, March, April, May, and June, 1911, the office of the county treasurer of Stanley county was behind in its work, and the same was not being kept up, and the treasurer was late several months in the issuing of his tax receipts and other work of his office. That on or about the 1st day of March, 1911, the county treasurer was called upon by the board of county commissioners as to what steps were being taken, or about to be taken, in regard to taking of tax deeds to said lots, and the treasurer stated that he believed that it was the duty of the county auditor to attend to this work; later on, at the March meeting of the board of county commissioners, the said county treasurer informed the board that it would be impossible for him or his force of employes to do the necessary work required to prepare the notices, and to issue tax deeds; that more help was required in his office. The board of county commissioners then appointed one of their number by resolution duly entered on the records of the minutes as a committee to act, with the state's attorney, to attend to the work necessary in securing the tax deeds. The Honorable George D. Mathieson, of the board, was made a committee by the commissioners. The lots for which tax deeds were to be taken were all situated in the city of Ft. Pierre, and the lien for taxes

on these particular lots would expire and be barred on July 1, 1911; the board of county commissioners thereupon appointed one Lee Aldrich, an expert accountant, to prepare the necessary data, and to ascertain the amount of taxes, penalty, and interest due on these lots, and to ascertain what lots it would be necessary to commence proceedings on before the 1st of July, 1911; and Lee Aldrich, with the aid of the state's attorney, then did proceed to ascertain from the records, and from the office of the treasurer of Stanley county, all the data necessary with which to prepare the notices, and the notices were prepared by the state's attorney. That George D. Mathieson directed such notices as covered worthless lots to be laid aside and not published, such lots being property along the river and slough, and had become a part of the river. That Enoch McKay, the treasurer of Stanley county, left this work entirely in the hands of Lee Aldrich and the state's attorney and George D. Mathieson. That the treasurer knew at all times that the work was being done by the said Lee Aldrich, George D. Mathieson, and the state's attorney, and the treasurer acquiesced and approved their acts and doings, and on the 10th day of June, 1911, while in the office of the state's attorney, and in the presence of the deputy state's attorney, George Philip, the said county treasurer signed all of the tax notices involved in this case, and left the said tax notices in the office and in the hands of the said state's attorney. That on the 16th day of June, 1911, the state's attorney, by his deputy, George Philip, delivered said notices involved in this case to Fred Mix, editor of the Fair Play, for publication. That at the time the tax deed notices were delivered to the Independent Publishing Company for publication about 90 per cent. of the work and materials necessary to print and publish the tax deed notices involved in this case, and other tax deed notices, had been done and furnished by the Independent Publishing Company, and about $600 had been actually paid out for materials. That George D. Mathieson, a member of the board of county commissioners, had, as a committee of the board of county commissioners, directed the Independent Publishing Company to prepare for the printing of said notices, and in response to said directions the Independent Publishing Company had procured materials preparatory for the printing of the notices; and, when the notices were handed to the Independent Publishing

·Company for publication, the work was all done, with the excep-
tion of placing in the correct name and number of lots, as found
in the original notices, the blank notices having theretofore been
printed and prepared by the Independent Publishing Company at
the request of the state's attorney of Stanley county.    That the
work of preparing these notices and the publication thereof had
been intrusted by the said Enoch McKay to the said George D.
Mathieson, Lee Aldrich, and the deputy state's attorney.    That
the treasurer was cognizant at all times of what Lee Aldrich,
George D. Mathieson, and the state's attorney were doing with
reference to the publication of said notices, and that the acts of
the said George Philip, deputy state's attorney, in delivering said
tax notices to the Independent Publishing Company for publication
in The Fair Play, were in fact, the acts of the county treasurer of
Stanley county, S. D."

Whether or not the said county treasurer authorized the pub-
lication of said notices in plaintiff's paper was one of the disputed
questions of fact to be tried before the court.    We have carefully
examined and considered all the evidence preserved in the record;
and, while there is a very sharp conflict touching the question as
to whether or not the said treasurer authorized the publication of
·said notices in plaintiff's paper, we are of the opinion that there
was sufficient evidence to sustain the said finding of the court.
This court has frequently held that findings of the trial court
based on conflicting testimony will not be disturbed, unless against
the clear preponderance of the evidence.

Finding no error in the record, the judgment appealed from
is affirmed.