LEVANDOWSKI, Respondent, v. LEVANDOWSKI, Appellant.

(184 N. W. 794.)

(File No. 4938.   Opinion filed October 19, 1921.)

1.   **Specific Performance—Sale of Realty, Full Performance, Oral Evidence to Establish, Admissibility.**

Where a contract for sale of realty had been fully performed by vendees taking possession and improving the land, oral evidence was properly admitted to establish the contract; following Gilfillan v. Schaller, 32 S. D. 638, construing Sec. 856, Code 1919, providing among other things that the provision therein requiring the contract to be in writing does not abridge power of court to compel specific performance in case of part performance thereof.

2.   **Appeals—Error—Immaterial Evidence, Receipt of On Trial to Court, Presumption of Ample Evidence to Sustain Finding—Harmless Error.**

The objection that evidence admitted on trial to the court was immaterial, is unavailing unless the record affirmatively shows there was not other and ample material evidence to sustain findings; court will presume there was such evidence.

3.   **Same—Insufficiency of Evidence, Non-specification of Particu-**

lars, Unavailing Objection—Court Rule—All Evidence in Record, Failure to Show, Effect.

Unless specification of particulars wherein evidence was sufficient to support findings were preesnted to trial court on motion for new trial, the objection is unavailing on appeal; moreover, an appeal record must show that it contains all evidence material to questions raised on appeal.

4.  Same—Complaint, Non-statement of Cause of Action, Non-availing Objection Re in Absence of Demurrer, Non-discussion of in Brief, Effect.

Objection that a complaint failed to state cause of action, is unavailing where complaint appears sufficient when attacked on motion without demurrer. Held, further, that such assignment was abandoned, it not being discussed in brief.

Smith and McCoy, JJ., not sitting.

Appeal from Circut Court, Day County. Hon. FRANK·ANDERSON, Judge.

Action by Michael Levandowski, against Jacob Levandowski, to enforce specific performance of an oral contract to convey realty. From a judgment for Plaintiff, and from an order denying a new trial, Defendant appeals. Affirmed.

*Waddel & Dougherty*, and *Lewis W. Bicknell*, for Appellant.
*Woodworth & Coomes*, and *Campbell & Walton*, for Respondent.

WHITING, J. This is an action brought to enforce the specific performance of an oral contract to convey real estate, plaintiff alleging the full performance of such contract upon his part, and that, under said contract, he had taken possession of and improved the land. The cause was tried before the trial court without a jury. Such court made findings of fact and conclusions of law favorable to the plaintiff; and from the judgment entered thereon defendant has appealed.

Appellant sets forth some 20-odd assignments of error; but, for the purpose of the argument, he has grouped them into three groups.

[1] He assigns error in the receipt of oral evidence to establish the alleged contract. That such evidence was competent, especially where the party offering same has pleaded full performance of the contract upon his part, is fully established by the decisions of this court. Jones v. Pettigrew, 25 S. D. 432,

127 N. W. 538; Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133. In the Gilfiillan Case this court said:

"It is clear that, in order for respondent to show not only an oral agreement, but also such partial performance thereof as, under section 1311, C. C. [section 856, R. C. 1919], would entitle him to the specific performance thereof, it was competent for respondent to prove such agreement and everything that was done upon the strength thereof, and after such evidence was received it could not properly be stricken out unless, under all the evidence received, it did not appear that there was a sufficient 'part performance' to validate the otherwise invalid agreement."

In this case, according to the findings of the trial court, there must have been evidence proving, not only partial performance, but full performance by respondent.

[2]   Appellant contends that certain objections interposed to the receipt of evidence should have been sustained because the evidence sought and received was immaterial for any purpose. We find it unnecessary to review the several questions and answers. As before noted, the trial was before the court; and, if it is a fact that immaterial evidence was received, this court must presume until the contrary is shown, that there was ample material evidence to sustain the findings of the trial court; if so, certainly the receipt of immaterial evidence was without prejudice.

[3]   The appellant contends that there was no proof of an oral contract sufficient to sustain the findings and judgment of the court. Certainly counsel must be familiar with the statute and rule of this court, both of which require specifications of error, specifying the particulars wherein the evidence is insufficient to support the findings, in order for any question of insufficiency of evidence to be raised either before the trial court or before this court; and such specifications can avail an appellant nothing unless they were presented to the trial court upon a motion for new trial. Furthermore, even if there had been a motion for new trial based upon specifications of the insufficiency of the evidence to support the findings, an assignment specifying such insufficiency of the evidence can avail an appellant nothing unless the printed record on appeal sets forth the fact that such record contains all of the evidence material to the questions raised upon the appeal.

The propositions above stated have been announced so frequently by this court as to require no reference to the numerous decisions announcing same. Under the record before us, this court must assume that the evidence was ample in every respect to support the findings. 'Appellant has nowhere in his brief attempted to point out where the findings are insufficient to support the judgment; and they certainly are sufficient.

[4] Appellant objected to the receipt of any evidence on the part of respondent, basing such objection on the ground that the complaint failed to state facts sufficient to constitute a cause of action. He has assigned error in the overruling of such objection. The complaint is clearly sufficient, especially when attacked in this manner rather than by demurrer. Furthermore, appellant must be held to have abandoned this assignment, because of failure to discuss same in his brief.

The judgment appealed from is affirmed.

SMITH and McCOY, JJ., not sitting.