RELF et al, Appellants, v. CAMERON et al, Respondents.

(215 N. W. 881.)

(File No. 5997.   Opinion filed November 14, 1927.)

1. **Appeal and Error—Court Will Not Disturb Findings Based on Conflicting Testimony, It Not Appearing Findings Are Against Clear Preponderance of Evidence.**

    Upon appeal, the reviewing court will not disturb the findings of the trial court that are based on conflicting testimony where it does not appear that such findings are against the clear preponderance of the evidence.

2. **Appeal and Error—Exclusion of Defendant's Deposition Held Not Prejudicial, Where Defendant Was Examined Without Attempt to Impeach Oral Testimony (Rev. Code 1919, § 2757).**

    Where, in a suit to quiet title, plaintiff offered in evidence the deposition of a defendant who was at the trial and deposition was thereon rejected, whereupon defendant testified orally without any attempt being made to impeach his oral testimony by offering in evidence his testimony contained in the deposition, held, that the exclusion of the deposition was not prejudicial error, even if under Rev. Code 1919 § 2757, which limits the occasions when depositions may be used, it was admissible.

3. **Witnesses—Attorney Who Drafted Deed Might Testify Without Violating Statute as to Confidential Communications, Where He Was Charged with Participating in Fraud to Secure Plaintiffs' Property (Rev. Code 1919, § 2730, subd. 1; Rules for Trial Courts of Record, Rule 29).**

    In suit to quiet title to land conveyed by plaintiffs to their children where attorney was charged with having prepared a

different instrument from that which he was requested to prepare on theory that he was party to a fraudulent scheme to obtain for defendants the property of plaintiffs, and both plaintiffs had testified freely to that effect, attorney might testify without violating prohibition of Rev. Code 1919, § 2730, subd. 1, relating to confidential communications, rule 29 of Rules for Trial Courts of Record not applying.

4. **Witnesses—If Communications to Attorney Drawing Deed Were Privileged, Privilege Was Waived by Plaintiffs' Testifying that Defendant Was Party to Fraud to Obtain Plaintiffs' Property.**

If communications of plaintiffs were privileged to attorney drawing deed conveying property of plaintiffs, privilege was waived by plaintiffs in suit to set aside deed, where before attorney was called to testify both plaintiffs testified fully and freely to the effect that attorney was party to fraudulent scheme of defendants to obtain plaintiffs' property.

5. **Appeal and Error—Trial Court, in Making Findings, Is Presumed to Have Rejected Incompetent Evidence.**

Where a case is tried before the court without a jury, the reviewing court will presume that the trial court, in making its findings, rejected all incompetent and improper evidence.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1011(1), 4 C. J. Sec. 2855; (2) Key-No. 1056(1), 4 C. J. Sec. 2999; (3) Witnesses, Key-No. 201(2), 40 Cyc. 2401; (4) Key-No. 219(3), 40 Cyc. 2403; (5) Appeal and error, Key-No. 931(6), 4 C. J. 2726.

On the question of effect of giving testimony by client as waiver of privilege as to confidential communications between attorney and client, see 28 R. C. L. 579.

Findings on conflicting evidence not disturbed by reviewing court on appeal, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

For annotations to Rev. Code, 1919, Sec. 2730, see Kerr's Cyc. Codes, Code Civ. Pro., Sec. 1881.

Appeal from Circuit Court, Moody County; Hon. Herbert B. Rudolph, Judge.

Suit by Alice Relf and George H. Relf, on whose deaths first named plaintiff, as his executrix, was substituted as plaintiff, against Maud V. Cameron and others, in which defendants filed a cross-complaint. From a judgment for defendants and an order denying a new trial, plaintiffs appeal. Affirmed.

*Warren & Lloyd,* of Flandreau, for Appellants.
*Ira F. Blewitt,* of Madison, for Respondents.

MISER, C. Appellants brought suit to quiet title to a quarter section of land occupied by them as a homestead in Moody county, naming as defendants three of their children; namely, Maud V. Cameron, Chas. J. Relf, and Florence E. Anderson. The defendants answered, alleging therein that they were the owners in fee, and that appellants were the owners of a life estate in said land; and, by way of cross-complaint, alleged that appellants executed and delivered to respondents a warranty deed, duly signed, acknowledged, delivered, and filed for record in the office of the register of deeds of Moody county on August 7, 1922. This deed, which was set forth in hæc verba in respondents' answer, was as follows:

. "Alice Relf, grantor, of Colman, Moody county, S. D., P. O., for and in consideration of $1 and love and affection, hereby grants and conveys to her husband, George H. Relf, grantee, of Colman, Moody county, S. D., P. O., a life estate subject to the life estate of the grantor hereby reserved and subject to the life estate of the said Geo. H. Relf herein granted, the said grantor grants and conveys to Charles Relf, of Colman, Moody county, S. D., P. O., and Florence Anderson, Dell Rapids, Minnehaha county, S. D., P. O., and Maude Cameron, of Egan, Moody county, S. D., P. O., the following described real property situated in the county of Moody and state of South Dakota, to wit: The southwest quarter (S. W. ¼) of section five (5), township one hundred-six (106) north, range forty-nine (49) west, it being the purpose and intention of this instrument that Alice Relf, grantor, and Geo. H. Relf, her husband, grantee, shall have and hold a life estate in said land during the life of either of them and the possession, rents, and profits thereof during their said life of either of them, the fee to said land being granted to the other three grantees subject to the rights of the said Alice Relf and Geo. H. Relf as herein expressed. The said Geo. H. Relf, one of the grantees above named, hereby joins in and consents to the foregoing grant and all the conditions expressed herein.

"Dated this 7th day of August, 1922.

her<br>
"Alice x Relf.<br>
mark<br>
"Geo. H. Relf."

The foregoing was duly acknowledged.

To this appellants replied, alleging:

"That just prior to August 7, 1922, the defendants [respondents herein], by fraud, deceit, and misrepresentation, conspired and procured the execution of the purported instrument, under which they now claim title."

That appellant George H. Relf is past 80 years of age, and did not know or realize the contents of the deed, but understood that his wife, the appellant Alice Relf, was transferring this homestead property to him in fee absolute. That appellant Alice Relf is past 70 years of age, and cannot either read or write, and was induced to make her mark to this purported deed by the false representations of respondents that the instrument was a deed of conveyance from Alice to George H. and none other. Further, that this purported conveyance would exclude one son, namely, William Relf, against their wishes; and that there was no consdieration for said deed.

Upon the trial, the court found that, prior to the execution and delivery of said deed, appellants were the owners of said quarter section of land and occupied the same as their homestead, and that they were of sound mind and memory and in good physical condition; that they had two other children; namely, John Relf and Will Relf, besides the three defendants. That, about a year before that date, appellant George H. Relf, who then owned another quarter section, conveyed it to their son John Relf, reserving a life estate in 80 acres to himself. That, after receiving the conveyance of the quarter section to him, John Relf mortgaged the same; and that, a few days prior to August 7, 1922, he, together with an officer of the bank to which he had mortgaged it, came to the home of appellants and prevailed upon them to release their life estate in the 80 acres theretofore deeded to John Relf; and that these matters were brought to the attention of respondents by conversation with their parents. That respondents were all married, and had not been living with their parents for many years, nor in any manner controlling the property of appellants. That, on August 7th, by appointment, appellants and respondents met at the office of counsel, and, at that time, the warranty deed set forth in respondent's answer was executed, delivered, and filed for record. That this instrument was prepared by counsel at the request of appellants, and read to them by the senior

member of the firm and the terms of the instrument explained to them. That said deed was executed and delivered with the intent and purpose, at said, time, to dispose of the land as in said deed set forth, and without fraud and without undue influence on the part of respondents in any manner, and that, at the time of the execution of said deed, appellants felt kindly toward respondents and each of them, but since the execution and delivery of said deed appellant Alice Relf has become unfriendly toward respondents. Upon these findings, the court concluded that the deed in question was a good and valid instrument and quieted title in respondents subject to the life estate of appellants, according to the tenor of said deed. After the trial, George H. Relf died, and the appellant Alice Relf, as executrix of his estate, was substituted as party plaintiff. This appeal is from the judgment and order denying a motion for a new trial.

[1]   Appellant contends, first, that, where a child obtains title to the parents' property without adequate consideration, that child must establish to the satisfaction of the court that the conveyance was the free and voluntary act of the parent and made with full knowledge on the part of the grantor of all the facts and of the effect of the transfer. Second, that one of the requisites of the validity of a transaction between persons occupying a confidential relation, such as the relation between aged parents and mature children, is that the party presumably under the influence of the other should have had independent advice from a lawyer who is devoted entirely to the interest of the party he is called upon to advise, and in whom the party has entire confidence. Third, that the instrument was signed without being read, and that respondents fraudulently induced appellants to sign the same, relying upon their statement of its contents. As to the first two contentions, however sound in the abstract the rules contained there may be, this court is confronted with findings of fact which render them inapplicable. Furthermore, as to all the foregoing contentions, under the authority of Winter v. Johnson, 27 S. D. 512, 131 N. W. 1026, cited by appellant, as well as Independent Publishing Co. v. Stanley County, 31 S. D. 483, 141 N. W. 366, and Shearer v. Hutterische Bruder Gemeinde, 28 S. D. 509, 134 N. W. 63, these findings, being based on conflicting testimony, will not be disturbed on appeal, it not appearing that the findings are against the clear pre-

ponderance of the evidence. Upon conflicting testimony, the court found that the deed was prepared at appellant's request and in accordance therewith, and that they knew before signing both its contents and their legal intendments, and thereby decided adversely to appellants' contentions as to the facts.

[2] On the trial, appellant offered in evidence the deposition of the defendant Chas. Relf, taken prior to the trial. Respondent objected for the reason that the defendant was present in court and ready to testify. The trial court sustained the objection. This appellant contends was error. But the witness was thereupon examined by appellant and no attempt was made to impeach his oral testimony by offering in evidence his testimony contained within the deposition. We therefore see no prejudice in its exclusion, even if, under section 2757, Rev. Code, which limits the occasions when depositions may be used, it were admissible.

[3, 5] Finally, appellant contends that the trial court committed prejudicial error in admitting over objection the testimony of counsel who drafted the deed in question. This, appellant contends, not only violated the spirit of rule 29 of the Rules for Trial Courts of Record, but also violated section 2730, Rev. Code 1919, relating to confidential communications. Inasmuch as neither counsel who drafted the deed in question nor his firm appeared as counsel at the trial of the case nor upon appeal, nor at any time appeared as counsel in the case, we find no reason for the application of rule 29. Subdivision I of section 2730 is as follows:

"An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment."

In the case at bar not only did both appellants testify as to what was said by them to counsel and by counsel to them at the time of the drawing of the instrument, but the evidence clearly shows that these communications were made in the presence of respondents. But the attorney was charged with having prepared a different instrument from that which he was requested to prepare, and the testimony of appellants is consistent only with the theory that, in so doing, he was a party to a fraudulent scheme to obtain for respondents the property of appellants. Before the attorney was called upon to testify, both appellants had testified

fully and freely to that effect. In Jones on Evidence, § 756, the rule is stated as follows:

"The rule which places the seal of secrecy upon communications between client and attorneys is founded upon the necessity, in the interests and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure. But the privilege is that of the client alone; and no rule prohibits the latter from divulging his own secrets. And if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney. It will thus be apparent from the very statement of the general rule of exclusion, it is obvious that the privilege is one which the client may waive by his consent, and such waiver may be either express or implied. Thus, as we have seen, when the parties select the same attorney and make their communications in the presence of each other, each waives the privilege. As between several joint clients there is no privilege. * * * A client who goes upon the stand in an attempt to secure some advantage by reason of transactions between himself and his counsel waives his right to object to the attorney's being called by the other side to give his account of the matter. Any other rule would subject the lawyer to any kind of scurrilous and unjust attack, and convert the statute from being a mere shield into a weapon of offense."

Again, in section 754 of Jones on Evidence, we find the following quotations:

"An attorney may protect himself, when charged with fraud by his client, or where both are charged with fraud. The object of the rule ceases, and the attorney is no longer bound by his obligation of secrecy, when his client or his representatives charge him, either directly or indirectly, with fraud or other improper or unprofessional conduct, and he may testify as to the facts."

Furthermore, section 2731, Rev. Code, is as follows:

"If a person offer himself as a witness, that is to be deemed a consent to the examination, also, of an attorney, * * * on the same subject, within the meaning of the first three subdivisions of the preceding section."

[4] In view of the foregoing, it would appear that the testimony of the attorney who drafted the deed was competent, and that, if in the first instance, the communications were privileged, that privilege had been waived by appellants. But, even were the rule otherwise, the case having been tried to the court without a jury, we must presume that the court, in making its findings, rejected all incompetent and improper evidence. Hipple v. Strohbehn, 44 S. D. 102, 182 N. W. 535.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.