## MILLERKE, Respondent, v. BETO, Appellant.

### (267 N. W. 335.)

(File No. 7906.   Opinion filed May 26, 1936.)

*Krause & Krause,* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellant.

*C. J. Delbridge* and *Jerry Maher,* both of Sioux Falls, for Respondent.

POLLEY, P. J.   This action was brought to recover a claimed balance due plaintiff on a lease of certain real property in Dell Rapids.

Shortly prior to January 1, 1929, plaintiff and defendant entered into a written contract whereby plaintiff leased to defendant the property involved for the term of five years beginning on the 1st day of January, 1929, and ending on the 1st day of January, 1934, at the agreed rental of $60 per month.

Defendant entered into possession of the said property under the lease.   The rent was paid regularly until the 1st of March, 1932.   On the 19th day of February, 1932, defendant wrote plaintiff, who resided in Marshalltown, Iowa, a letter, which was as follows:

"Inclosed find ck. of $60.00 for Feb. rent.   I am surrendering my lease to this place at the end of this month."

This letter is Exhibit 2 in the record.   On the 31st day of March, 1932, defendant, through his son Bud, sent plaintiff the following letter:

"I am sending your rent for March, as I had not vacated the building until last week. The enclosed keys are for the shop. * * * Dad is in the hospital with a broken leg. Respfy, W. H. Beto, per Bud Beto."

This letter is known in the record as Exhibit 3.

Plaintiff testified that after receiving Exhibit 3, "I then went to Dell Rapids. When I got there they had already vacated. I immediately sought to get another renter." He did not succeed in finding another renter until the 15th day of July, 1932, when he rented the building, but was able to get only $30 per month rent.

At the expiration of defendant's five-year lease, plaintiff commenced this action to recover from defendant the amount due for the balance of the term fixed in the lease, less the amount plaintiff had received in rent for the building in the meantime.

Defendant testified that after he had written and mailed Exhibit 2, "Mr. Millerke came to Dell Rapids and had an interview with me along about the 15th of March." He further testified that plaintiff came along when defendant was sweeping the sidewalk and said: "I see you are vacating the place." I said: "Yes, I am. I have no further use for it." He said: "I will take it back and rent it to Victor Frederickson," to which defendant replied that it was immaterial to him what he (plaintiff) did with it.

Defendant claims that by this conversation plaintiff accepted the surrender of the building and released defendant from further obligations under the terms of the lease. Plaintiff testified positively that he was not in Dell Rapids until after he had received Exhibit 3 and that no such conversation as defendant testified to have taken place on the sidewalk in Dell Rapids about the 15th of March, 1932, ever took place. This presented a question of veracity to be determined by the court. The court evidently did not believe defendant and found as a fact that defendant, "Abandoned said premises without the consent of said plaintiff, H. L. Millerke, and without the cancellation of the said lease," and found generally for the plaintiff and entered judgment for the amount found to be due under the terms of the lease, less the amount which plaintiff had recouped by leasing to another after defendant's abandonment of the premises.

The law relative to the liability of a tenant under the circumstances shown by the record in this case is so well settled that the citation of authorities to support the judgment of the trial court, or further discussion is wholly unnecessary.

The judgment and order appealed from are affirmed.

All the Judges concur.