WALSH, Respondent, v. FITZGERALD, et al, Appellants

(297 N. W. 675.)

(File No. 8448.   Opinion filed April 29, 1941.)

Morgan & Whiting and H. T. Fuller, all of Mitchell, and Wicks & Quinn, of Scotland, for Appellants Sarah Fitzgerald, Anthony Walsh, H. E. Walsh, Katherine Goldhammer, and Sarah Fitzgerald, as Administratrix of estate of Margaret Walsh, deceased.

Zollman & Navin, of Mitchell, for Appellant Mary Gavin.

T. N. Feyder and Tom Kirby, both of Sioux Falls, for Respondent.

WARREN, J.   Marguerite Walsh, by her guardian, brought an action to enforce an agreement made by Margaret Walsh, now deceased, wherein and whereby she would take Marguerite Walsh as her baby and make suitable provisions for the child's care and to be her heir upon her death.   The title of this action discloses the names of the parties defendant who are uncles, aunts, nieces and nephews.   The plaintiff seeks to obtain a judgment entitling her to certain property, claiming that she was adopted as the child to Margaret Walsh.   At the close of the trial in the circuit court findings were made in favor of the plaintiff, conclusions were entered, and a judgment conferred upon plaintiff the status of an adopted child and awarded her the property involved.   From the judgment of the court the answering defendants have appealed to this court.

Assignments of error charge the trial court with error in making findings of fact 7, 24, 25, 26 and 27 and further that the court erred in adopting conclusions of law Nos. 10, 11 and 12 and that the court erred generally due to the fact that there is insufficient evidence to justify the sustaining of the findings of fact, conclusions of law, and judgment made and entered therein.

The trial court by certain findings discloses considerable material that might be stated as introductory matter to this opinion.   Appellants having urged the insufficiency of the evidence to sustain the findings we will quote certain

of the court's findings so as to shed further light upon the existing controversial facts involved herein.

"7. That shortly after the death of the mother of Marguerite Walsh, and when Marguerite was a child of two years of age and in the custody and control of her father, Margaret Walsh took Marguerite with her to her home in South Dakota, and from that time until the time of the death of Margaret Walsh, in April, 1937, except for three short periods of time when Marguerite was at the home of her father, the said Margaret Walsh and Margureite Walsh lived together as parent and child and the said Margaret Walsh in every manner and respect provided for the said Marguerite Walsh as her own child.

\* \* \*

"10. When Marguerite was about fourteen years of age, Margaret brought her to the home of her father on a visit to obtain braces, and while they, the said Margaret and Marguerite, were so visiting in the home of the father, Margaret said, in effect, that she was going to adopt Marguerite, and the father, Thomas Walsh, in substance, said, 'Why don't you and end this wrangling about it.'

\* \* \*

"23. That any agreement or contract between Margaret Walsh and Thomas Walsh, on the occasion of Margaret going to Chicago and bringing Marguerite back with her, after Thomas Walsh and Adeline Walsh had taken Marguerite to Chicago to their home in 1913, was at a time when Marguerite Walsh was an adult person.

\* \* \*

"24. That while said Marguerite Walsh was a minor, it was agreed by and between the said Thomas Walsh, the father of said Marguerite Walsh, incompetent, and Margaret Walsh that the said Margaret Walsh was to take the said Marguerite Walsh as her own child and was to adopt her and was to raise her and care for her and in every manner and respect to provide for the plaintiff Marguerite Walsh, as her own child, and was to make said plaintiff her heir, and plaintiff was to inherit her property upon her death. That pursuant to said understanding and agreement Mar-

garet Walsh took and kept plaintiff in her home as her own child.

"25. That the said Thomas Walsh, father of plaintiff, relying upon said agreement and understanding, permitted the said Margaret Walsh to take and keep plaintiff, and, except on the two occasions hereinbefore referred to, until the death of the said Margaret Walsh in April, 1937, the said Margaret Walsh kept plaintiff and cared and provided for her and in every manner and respect treated and considered and held her out as her child and heir, and during said time the relationship of parent and child was maintained between the said Margaret Walsh and plaintiff, Marguerite Walsh.

"26. That Margaret Walsh never by legal proceedings adopted Marguerite Walsh, except that on the 22nd day of March, 1922, the said Margaret Walsh filed in the County Court of Davison County, South Dakota, wherein plaintiff was then residing, her petition for the adoption of said plaintiff, specifically reciting therein that she wished to provide for the care and comfort of the plaintiff and to adopt plaintiff to make plaintiff her heir and capable of inheriting her property, and on which plaintiff, by mark, signed her written consent. * * *"

The evidence preponderates in favor of the findings which we have quoted and also as to the other findings which we are forced to omit for sake of brevity. There is testimony which is favorable to respondent by neighbors which was offered in evidence in addition to the testimony by the parties who were intimately connected with family affairs. The evidence is highly controversial. The learned trial court who listened to the testimony and observed the demeanor and conduct of the witnesses was in a much better position to form an opinion as to the truth and weight to be accorded to the testimony of the various witnesses who testified than this court. In Rhode v. Farup, 67 S. D. 437, 293 N. W. 632, this court quoted from Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118, 1120, with approval that part of the opinion relating to the superior advantages of the trial court in determining questions of fact. This quo-

tation is squarely in point and covers the situation quite concisely. Empson v. Reliance Gold Mining Co., 23 S. D. 412, 122 N. W. 346; Millerke v. Beto, 64 S. D. 432, 267 N. W. 335. The trial court's findings ought, therefore, be sustained.

The evidence before the trial court fairly indicates that none of the appellants ever had an interest in Marguerite while Margaret was living. The testimony fairly reflects that Marguerite's father, Thomas Walsh, consented, at least by his actions, to what was done. It is quite possible that Marguerite's condition probably endeared her more to Margaret than if she had been a healthy child. While it meant work, yet in return Margaret received the love and affection of the child which on account of her physical condition became deep and lasting; perhaps more so than had her condition been otherwise.

It is contended that the adoption proceedings are void and incompetent as evidence. We take the broad view and permit the evidence to be received believing that the written exhibits of the adoption proceedings in the county court have some value. They seem to indicate that Margaret did attempt, even at a late date, to accomplish what she had set out to do many years prior thereto by perfecting the adoption of Marguerite. It will be remembered that she had taken Marguerite into her home when she was some over two years old. This petition filed many years later bearing Margaret Walsh's signature expressed in no uncertain terms that she had had the care and custody of said child since the death of the child's mother, and that she, Margaret Walsh, was desirous of and did petition the County Court that she be permitted to adopt Marguerite and that she might further provide and care for her by making the child her heir. That this petition was responsive to some earlier agreement with Marguerite's father is borne out by testimony in the record and we feel that the court was fully justified in so believing.

In the late decision of Rhode v. Farup et al., supra, this court dealt at length with a contract to adopt and make one an heir resting in parol and held that the evidence therein was sufficient and that it met the requirement that

such contract must be established by clear, satisfactory and convincing evidence. A perusal of the excerpts of the evidence contained in said opinion indicates that the facts in the instant case fall within the rule therein announced. It will be observed that in that case this court treated the appellants' challenge made in the instant case that parol gifts of land from parent to child will not be sustained excepting upon the clearest and most convincing evidence and found the evidence sufficient.

Among the cases cited is Kroeger v. Warren, 31 S. D. 480, 141 N. W. 395. That case is distinguished in Rhode v. Farup, supra, by holding that the record in that case in the light of the rule was sufficient to sustain the finding that the contract to adopt existed. The evidence in the instant case is amply sufficient to fall within the announced rule.

Appellants urge as a matter of law that under our statutes adoption is not a matter of contract and that it is a judicial proceedings, and that a contract to adopt a minor child has no legal effect and is not enforceable. Considerable argument has been devoted by appellants covering such contention in an attempt to maintain that our statute does not authorize adoption by contract. The argument covers a survey of both statutory and common law and challenges the power of the court to treat the property rights initiated in the action before us. We believe that the answer is found in and is stated concisely as follows: "Though ineffective as an adoption because of some failure to comply with statutory requirements, property rights in the adopting parent's estate may, nevertheless, be secured to the adopted child in some cases through an agreement preceding the attempted adoption, or by virtue of the conduct of the parties subsequent thereto. Thus, it has been suggested that the term 'adopted child' does not always mean one adopted or made heir through statutory proceedings, and that where the mutual obligations of parent and child have been discharged during a period of years, the relation of adopted child and parent may well be said to exist." 1 Am. Jur., Adoption of Children, § 58, p. 657.

The evidence in this case preponderates quite conclusively to the effect that there was an oral contract existing to make the respondent an heir of Margaret. The weight of authority favors the specific performance of contracts making one an heir upon evidence that is clear and convincing. Gravning v. Olson, 62 S. D. 139, 252 N. W. 13.

There are assignments charging error in the trial court's ruling on evidence. We have carefully examined the assignments of error and concluded that in no event could the trial court's ruling have been prejudicial when measured by the rule that a court trying a case without a jury will be presumed on appeal to have disregarded incompetent evidence and we are not in a position to say that the court considered improper evidence in deciding the issues before it. This court being an appellate court will therefore assume that the trial court did disregard and did not consider improper evidence.

We will assume that the court, as shown by the record before us, considered only competent, relevant, and material evidence and made its findings of fact and from its findings made its conclusions and judgment upon competent evidence. Levandowski v. Levandowski, 44 S. D. 565, 184 N. W. 794; State v. Miers, 49 S. D. 96, 206 N. W. 236; Colomb v. First National Bank of Winner, 50 S. D. 69, 208 N. W. 404; Relf v. Cameron, 51 S. D. 554, 215 N. W. 881; Knapp v. Brett, 54 S. D. 1, 222 N. W. 297, 298; City of Wessington Springs v. Smith, 54 S. D. 515, 223 N. W. 723; Mahoney v. Sherman, 58 S. D. 158, 235 N. W. 518; Warren v. Lincoln, 58 S. D. 196, 235 N. W. 597; Svang v. Clutterbuck, 59 S. D. 398, 240 N. W. 339; Matejka v. Reider, 62 S. D. 335, 252 N. W. 878; In re Stensland's Estate, 63 S. D. 204, 257 N. W. 129.

Appellants urge that the trial court erred in adopting conclusions 10, 11 and 12 and reiterate much of their argument directed against the findings. The view expressed earlier in this opinion as to the findings seems to and ought to control our position as to the errors directed against the conclusions, and it is therefore deemed unnecessary to prolong this decision as to the conclusions.

Other matters urged by appellants have been considered and are overruled as we are unable to say that they are controlling and ought to affect this decision.

The judgment appealed from is affirmed.

POLLEY, P.J., concurs.

ROBERTS and SMITH, JJ., concur specially.

RUDOLPH, J., concurs in result.

ROBERTS, J. (concurring specially). Appellants contend that adoption was unknown to the common law; that it exists only by statutory enactment; and that the adoption proceedings in the instant case being ineffectual, plaintiff cannot claim a right to an inheritance as an adopted child. This court has recognized that adoption did not exist at common law. Quinn v. Quinn, 5 S. D. 328, 58 N. W. 808, 49 Am. St. Rep. 875; Henry v. Taylor, 16 S. D. 424, 93 N. W. 641; Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266. The precise question whether a contract to adopt followed by a virtual adoption may entitle the child to the right of inheritance has not been decided by this court. In an annotation in 27 A.L.R. 1327, it is stated: "While the cases are not in entire harmony, in most jurisdictions contracts to adopt, not performed by effectual adoption proceedings during the life of the adoptive parent, will, upon the latter's death, be enforced to the extent of decreeing that the child occupies in equity the status of an adopted child, or, at least, is entitled to such right of inheritance from the estate of the adoptive parent as a natural child would enjoy, where the child in question has fully and faithfully performed the duties of a child to the adoptive parent, and the circumstances require the relief as a matter of justice and equity."

Without determining whether this view should be adopted, it may be conceded for the purpose of this appeal that there can be no adoption which will confer a right of heirship unless it be brought about by statutory procedure. A different question is presented if the contract as plaintiff contends, and as the trial court found, expressly provided not only that she be adopted, but that she receive the prop-

erty of the deceased. The right of inheritance would be determined not by the law of descent, but by the contract.

It must be admitted that deceased in good faith intended to adopt plaintiff as her own child. The petition filed by her in the county court recites that plaintiff possessed no property and that petitioner desired to provide "for the care and comfort of the child by making the child her heir." Though this is not evidence in itself of a contract, it is consistent with the claim of the plaintiff and when considered with testimony as to conversations between deceased and Thomas Walsh, the father of the plaintiff, and the conduct of the parties, the evidence in my opinion is sufficient to sustain the findings of fact.

I am authorized to state that SMITH, J., concurs in this opinion.